Maureen **ESPECHE**, individually and as next friend of Jonathan Espeche, Appellant,

v.

William A. **RITZELL**, Appellee.

No. 14–00–00153–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 25, 2003.

Joseph John Hroch, Houston, for appellants.

Jeffrey Robert Matthews, Toby C. Easley, Houston, Gary W. Chaney, Hempstead, for appellees.

Panel consists of Justices LESLIE BROCK YATES, ANDERSON, and FROST.

## MAJORITY OPINION ON REMAND ON REHEARING

LESLIE BROCK YATES, Justice.

Appellee's motion for rehearing is overruled. We withdraw the majority opinion issued July 17, 2003, and substitute this opinion in its place.

In 1998, appellant Maureen Espeche, individually and as next friend of her son Jonathan, sued appellee William Ritzell for breach of contract and fraud, and sought a bill of review based on an agreement Espeche and Ritzell allegedly executed around the time of their 1984 divorce. The trial court rendered a take-nothing summary judgment against Espeche, and she appealed, raising the following three issues: (1) whether the trial court erred when it granted Ritzell's motion for summary judgment, which was based solely on his affirmative defense of res judicata, (2) whether the trial court erred in granting summary judgment because Ritzell's motion did not address Espeche's bill of review or Jonathan's claims, and (3) whether the trial court erred in granting summary judgment because there were disputed fact issues that should have been submitted to the jury.

■ In our original opinion, we dismissed the appeal, concluding the trial court did not render a final judgment because there were no summary judgment grounds properly before the trial court on which it could have rendered judgment on Jonathan's claims. *Espeche v. Ritzell,* 65 S.W.3d 226, 232 (Tex.App.-Houston [14th Dist.] 2001), *rev'd,* 87 S.W.3d 536 (Tex.

2002).[1] The supreme court disagreed, concluding the trial court's order that Espeche take nothing, individually and as Jonathan's next friend, met the test of finality set forth in *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 206 (Tex.2001). *See Ritzell v. Espeche*, 87 S.W.3d 536, 538 (Tex.2002). The supreme court therefore reversed and remanded to this court, and we now consider Espeche's appeal on the merits.

We conclude the summary judgment motion before the trial court did not address Espeche's claim for a bill of review and we reverse the trial court's summary judgment to the extent it ordered Espeche take nothing on that claim. We also conclude the doctrine of res judicata does not bar Espeche's breach of contract claim for spousal support or Jonathan's breach of contract claims, and we reverse the trial court's summary judgment to the extent it ordered Espeche take nothing on her breach of contract claim for spousal support and to the extent it ordered Espeche take nothing as next friend of Jonathan.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

According to Espeche, on March 12, 1984, she and Ritzell entered into a written agreement for the division of their estates. That agreement provided:

> This is a private agreement between William A. Ritzell and Maureen A. Ritzell for property division.
>
> I, William A. Ritzell agree to provide for Maureen A. Ritzell and her son Jonathan after our pending divorce as detailed below. Providing she does not make claim on my ARCO retirement fund and stocks and share *at the time of our divorce*. But I understand that under Texas law, she is entitled to half of all of these funds therefore I have asked her to postpone her claim until I officially retire from ARCO.
>
> I, William A. Ritzell agree to the following:
>
> 1. The sum of 2,400 dollars, U.S. each month in support for Maureen and Jonathan untill [sic] such time as [J]onathan graduates from high school.
> 2. Retain medical and dental insurance (presently provided by AETNA) until Jonathan reaches age 18, for both Maureen and Jonathan.

---

1. In our original opinion, we indicated Espeche's "Second Amended Original Petition" was actually her first amended original petition and vice versa. *See Espeche v. Ritzell*, 65 S.W.3d 226, 229 nn. 3–4 (Tex.App.-Houston [14th Dist.] 2001), *rev'd*, 87 S.W.3d 536 (2002). On re-examining the record, we conclude the confusion resulted from a difference between service and filing dates. Espeche's First Amended Original Petition was served October 27, 1999, but not filed until November 1, 1999. Espeche's Second Amended Original Petition was served October 28, 1999, and filed October 29, 1999. In the trial court, and in this court, the parties treat Espeche's amended petitions as if they had been filed in the order in which they were served, and we will do the same. Because Espeche's First Amended Petition did not allege a bill of review, we erroneously held that Espeche had abandoned her bill of review. *Id.* at 229. Because the live pleading at the time the trial court entered its judgment was the Second Amended Petition, we find that Espeche's bill of review was not abandoned.

2. On appeal, Espeche does not address res judicata in relation to her fraud claim. *See Brinkman v. Brinkman*, 966 S.W.2d 780, 781–83 (Tex.App.-San Antonio 1998, pet. denied). The trial court's take-nothing judgment on that claim is therefore not before this court. *See Prudential Ins. Co. of Am. v. J.R. Franclen, Inc.*, 710 S.W.2d 568, 569 (Tex.1986) (stating appellate court is not authorized to reverse trial court's judgment absent properly assigned error).

3. Promise to provide 50 percent of each yearly income tax refund and to turn that 50 percent over to Maureen within 10 days of receipt. Due to the fact that I am and will continue to claim them both as my legal dependants.

4. At the time of my retirement, it is promised to Maureen A. Ritzell, one half 50 percent of all retirement benefits including stocks, shares and bonuses. This agreement is made because Maureen has agreed not to seek retirement, stocks and shares until I retire.

Just below paragraph 4, the agreement contains what appear to be the signatures of Ritzell and Espeche above their typed names.

The following month, Espeche filed for divorce, representing she and Ritzell had acquired no real property as part of the community estate and requesting the court to divide the personal property by awarding the same to the party having possession. She did not allude to the March 12 agreement or request it be incorporated into the divorce decree. She subsequently testified she did not bring the agreement to her attorney's or the court's attention because Ritzell asked her not to, saying he would lose his job if she did so.

On June 19, 1984, the trial court granted the divorce. The decree provided in part:

The Court finds that there is no child of the marriage of the Petitioner and Respondent and none is expected.[3]

The Court finds that no real property was accumulated during the marriage and that there has been an equitable and fair division of personal property, with due consideration being given to all insurance, pensions, retirement and other job related benefits.

IT IS ORDERED, ADJUDGED AND DECREED that the property of the parties be and is hereby awarded to the party having possession of such property, and all insurance, pensions, retirement and other job related benefits are hereby awarded to the respective party earning same.

The June 19 divorce decree does not acknowledge, incorporate, refer to, or approve the March 12 agreement. Espeche did not appeal the divorce.

In July 1998, Espeche sued Ritzell for breach of the March 12, 1984 agreement. Espeche alleged Ritzell never fully performed under the contract and breached it entirely in 1994. Specifically, Espeche alleged (1) Ritzell ceased paying her $2,400 per month after July 1994; (2) during July 1994, Ritzell deleted Espeche and Jonathan from coverage under his medical and dental insurance; and (3) Ritzell claimed Espeche and her son Jonathan as dependents on Ritzell's federal income tax returns from 1983 to 1994, but Ritzell did not pay Espeche one-half his tax refund every year. Espeche also alleged Ritzell fraudulently misrepresented and omitted material facts on which she relied when she entered the March 12 agreement.

On October 11, 1999, Ritzell answered, alleging (1) he did not execute the March 12, 1984 agreement, (2) Espeche's claims were barred by res judicata, limitations, accord and satisfaction, estoppel, lack of capacity, defect of parties, failure to notify and prove loss, and (3) the alleged agreement was ambiguous and unenforceable. In his answer, Ritzell incorporated Espeche's allegation that Ritzell paid Espeche "$2,400 a month through at least July, 1994." On the same date, Ritzell filed his motion for summary judgment, asserting res judicata and alleging the sig-

---

3. Jonathan Espeche is not a child of the marriage.

nature on the March 12 agreement was not his.

On October 27, 1999, Espeche served her first amended original petition, adding her son Jonathan as a party to the lawsuit. On October 28, 1999, Espeche served her second amended original petition, which added the bill of review. Espeche's second amendment to her original petition was filed six days before the summary judgment hearing Ritzell had scheduled for November 4, 1999.

On October 29, 1999, Espeche filed her response to Ritzell's motion for summary judgment. On November 1, 1999, in a single document, Ritzell filed a reply to Espeche's response to the motion for summary judgment and a motion for leave to amend and move for summary judgment against Jonathan Espeche. Ritzell also attacked Espeche's request for a bill of review. Without signing any further orders, the trial court granted summary judgment against Espeche on November 5, 1999.

## DISCUSSION

### Introduction

Ritzell moved for summary judgment arguing the 1984 decree granting Espeche her divorce from Ritzell barred Espeche's present suit on the ground of res judicata. The trial court granted the motion ordering "Espeche, Individually and as Next Friend of Jonathan Espeche, a minor, take nothing by reason of her suit in this case." In issue one, Espeche argues that Ritzell did not prove all the elements of res judicata; in issue two, that the trial court erred in ruling on her bill of review and Jonathan's claims; and in issue three, that there were disputed fact issues precluding summary judgment. We begin with issue two because resolution of that issue determines the scope of the remaining issues.

### The Scope of the Motion for Summary Judgment

■ In her second issue, Espeche contends the trial court erred in granting summary judgment because Ritzell's motion failed to address Espeche's bill of review and Jonathan's claims. After Ritzell filed his motion for summary judgment, Espeche twice amended her petition. In her first amended petition, she included Jonathan in the style of the petition. In her second amended petition, she added her claim for a bill of review. A party may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *See Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983). We therefore consider whether Ritzell's motion sufficiently addressed Jonathan's breach of contract claim and Espeche's bill of review.

Espeche filed both amendments less than seven days before the day the trial court heard the summary judgment motion. Espeche was therefore required to obtain leave of court to file her amended pleadings, and the court was required to grant leave unless there was a showing of surprise to Ritzell. *See* TEX.R. CIV. P. 63; *see also Goswami v. Metro. Sav. & Loan Ass'n,* 751 S.W.2d 487, 490 (Tex.1988). For the reasons set forth in our original opinion, we apply *Goswami* and presume leave of court. *See Espeche,* 65 S.W.3d at 230.

■ A plaintiff's timely filed amended pleading supersedes all previous pleadings and becomes the controlling petition in the case regarding theories of recovery. TEX.R. CIV. P. 65; *J.M. Huber Corp. v. Santa Fe Energy Res., Inc.,* 871 S.W.2d 842, 844 (Tex.App.-Houston [14th Dist.] 1994, writ denied). Ritzell, therefore, was required to amend or supplement his motion for summary judgment to address the

additional claims. *See Brandes v. Rice Trust, Inc.*, 966 S.W.2d 144, 148 (Tex.App.-Houston [14th Dist.] 1998, pet. denied).

■ On November 1, three days before the summary judgment hearing, Ritzell filed his "motion for leave to amend and move for summary judgment against Jonathan Espeche." Texas Rule of Civil Procedure 166a(c) provides that, absent leave of court, a motion for summary judgment shall be filed and served twenty-one days before the time specified for the hearing. The record before this court, however, contains no orders signed by the trial court showing the court granted Ritzell leave to amend his summary judgment motion. In addition, there is no amended summary judgment motion in the record. The only indication the trial court granted leave to amend is a notation in the docket sheet stating, "Leave granted to [Defendant] to amend MSJ to include Jonathan Espeche." The docket sheet entry may not stand as an order. *Util. Pipeline Co. v. Am. Petrofina Mktg.*, 760 S.W.2d 719, 723 (Tex.App.-Dallas 1988, no writ).[4]

■ The summary judgment motion that was properly before the court did not address the bill of review added in Espeche's second amended petition. As discussed above, the second amended petition was the live pleading at the time of the summary judgment proceeding. Under *Chessher*, as a matter of law, the trial court could not grant summary judgment on the added claim. *See Chessher*, 658 S.W.2d at 564.

■ At oral argument, however, Ritzell, contended his summary judgment motion addressed Espeche's subsequently

added bill of review. If a motion for summary judgment is sufficiently broad to encompass later-filed claims, the movant need not amend his motion. *See Wilson v. Korthauer*, 21 S.W.3d 573, 579 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Nevertheless, when a plaintiff, in her amended petition, asserts a new cause of action based on facts not alleged in the original petition, a court cannot say the defendant's motion for summary judgment contemplated and embraced the additional claim in the amended petition. *DeWoody v. Rippley*, 951 S.W.2d 935, 942 (Tex.App.-Fort Worth 1997, writ dism'd by agr.).

Here, Ritzell's motion was not sufficiently broad to encompass Espeche's bill of review. In her second amended petition, Espeche added the following allegation, not included in the original petition: "Ritzell told [her] not to make her attorney or the Court aware of the Agreement, because if there was any issue as to his retirement, he would lose his job." She also alleged, "Ritzell lied, and used his position of fear and intimidation to trick [her] into not seeking her attorney's or the Court's advice." Ritzell's motion for summary judgment was a traditional motion for summary judgment. *See* Tex.R. Civ. P. 166a(c). Ritzell asserted and presented proof only on his affirmative defense of res judicata. Ritzell did not, either in his motion for summary judgment or by his summary judgment proof, address the additional allegations in Espeche's second amended petition.

■ Espeche further contends that Ritzell's motion for summary judgment did

---

4. At oral argument, Ritzell's counsel suggested Espeche may have waived objection to a late-filed amended motion for summary judgment. Given the status of the record, however, the pivotal issue is not the untimeliness of the motion, but whether an amended motion was

before the court. Our record reflects there was no amended motion for summary judgment before the trial court because no leave was granted to file it. *See* Tex.R. Civ. P. 166a(c).

not address Jonathan's claims under the contract. Espeche bases her contention on the fact that Jonathan was not named in the suit until the first amended petition was filed. Although Jonathan was not named in the style of the lawsuit until the first amended petition, his claims as a third-party beneficiary to the contract were included in Espeche's original petition. The legal effect of a pleading is not determined by its style, but by its allegations and evident purpose. *See Hawkins v. Anderson*, 672 S.W.2d 293, 294 (Tex. App.-Dallas 1984, no writ). Because Jonathan's claims under the contract were included in the original petition, Ritzell's contention in his motion for summary judgment that res judicata barred the breach of contract action is sufficient to address Jonathan's claims. *See Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 672 (Tex.App.-Houston [1st Dist.] 1996, no writ).

The trial court erred in granting summary judgment on Espeche's bill of review. *See Chessher*, 658 S.W.2d at 564. Granting more relief than the movant is entitled to receive is reversible error. *Lehmann*, 39 S.W.3d at 204. We sustain Espeche's issue two with regard to Espeche's bill of review, but overrule issue two with regard to Jonathan's claims.

### Res Judicata

■ In issue one, Espeche contends the trial court erred in granting the motion for summary judgment because Ritzell failed to prove all the elements of res judicata as a matter of law. The purpose of summary judgment is to eliminate patently unmeritorious claims or untenable defenses; it is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The movant for summary judgment has the burden to show there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). When deciding whether there is a disputed material fact issue precluding summary judgment, the appellate court must take as true all evidence favorable to the non-movant. *Id.* at 548–49. The reviewing court must indulge every reasonable inference in favor of the non-movant and resolve any doubts in its favor. *Id.* at 549.

■ A defendant moving for traditional summary judgment assumes the burden of showing as a matter of law the plaintiff has no cause of action against the movant. *Levesque v. Wilkens*, 57 S.W.3d 499, 503 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Traditional summary judgment for a defendant is proper only when the defendant negates at least one element of each of the plaintiff's theories of recovery, or pleads and conclusively establishes each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

■ In his summary judgment motion, Ritzell asserted res judicata barred Espeche's and Jonathan's breach of contract claims. Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and could have been litigated in a prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 654 (Tex. 1996). It requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Appleton v. Appleton*, 76 S.W.3d 78, 83–84 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

*Espeche's Breach of Contract Claims*

■ In the private agreement, Ritzell agreed to (1) provide $2400 per month to both Espeche and Jonathan; (2) retain medical and dental insurance for Espeche and Jonathan; (3) pay fifty percent of his income tax refund to Espeche; and (4) pay fifty percent of his retirement benefits to Espeche.

With regard to the first obligation—to pay spousal and child support—Ritzell's res judicata defense fails on the third element. At the time of the divorce, Texas courts recognized a significant distinction between court decreed support payments and support provisions in property settlement agreements that are agreed to by the parties. *See Francis v. Francis*, 412 S.W.2d 29, 33 (Tex.1967). Under the decision in *Francis*, support provisions of a property settlement agreement have whatever legal force the law of contracts gives them. *Sorrels v. Sorrels*, 592 S.W.2d 692, 697 (Tex.Civ.App.-Amarillo 1979, writ ref'd n.r.e.). In the original divorce proceeding, the court could not compel the parties to make an agreement concerning the payment of support and maintenance for either party. *See Francis*, 412 S.W.2d at 32. Under these circumstances, Espeche's claim to spousal support under the contract was not and could not have been adjudicated in the divorce proceeding. Therefore, the doctrine of res judicata does not bar Espeche's claim under the first paragraph of the contract for spousal support. *See generally, Fullerton v. Holliman*, 730 S.W.2d 168, 170–71 (Tex.App.-Eastland 1987, writ ref'd n.r.e.) (when written agreement providing for child support is not set forth in the decree, agreement remains enforceable only as contract).

■ Similarly, Espeche's breach of contract cause of action under the second and third provisions of the contract is not barred by the doctrine of res judicata. The second provision provides that Ritzell will retain medical and dental insurance for Espeche and Jonathan until Jonathan is eighteen years old. The third provision is a promise from Ritzell to provide fifty percent of each yearly income tax refund to Espeche because Ritzell planned to continue to claim Espeche and Jonathan as dependants on his income tax return. The Family Code defines spousal maintenance as "an award in a suit for dissolution of a marriage of periodic payments from the future income of one spouse for the support of the other spouse." TEX. FAM.CODE § 8.001(1). Ritzell's maintenance of Espeche's medical and dental insurance and his promise to pay half of his income tax refund to her fall within the definition of spousal support. Therefore, as with the first provision of the contract, Espeche's claims under the second and third provisions of the contract could not have been adjudicated in the original divorce proceeding.

■ The same reasoning, however, does not apply to the provision in the agreement relating to retirement benefits. In the divorce decree, the trial court purported to divide the entire community estate, and Espeche does not argue the decree is ambiguous in that regard. Res judicata, therefore, applies to assets, such as retirement benefits, that were part of the community estate apportioned by the family court. *See Appleton*, 76 S.W.3d at 84 (stating rule that res judicata applies if, in final divorce decree, the court purported to divide the entire community estate, the decree is unambiguous, and neither party files a direct appeal); *see also White v. White*, 380 S.W.2d 672, 677–78 (Tex.Civ. App.-Tyler 1964, writ ref'd n.r.e.) (holding wife estopped from asserting breach of agreement to maintain wife as primary beneficiary of death benefit when divorce

decree awarded annuity contract to husband).

*Jonathan's Breach of Contract Claims*

 The question presented with regard to Jonathan's claims is whether Jonathan can be considered in privity with Espeche in the 1984 divorce action. Generally, a person is not bound by a judgment in a suit to which he was not a party. *See* Tex. Civ. Prac. & Rem.Code § 37.006(a). The doctrine of res judicata creates an exception to this rule by forbidding a second suit arising out of the same subject matter of an earlier suit by one in privity with the party to the original suit. *Amstadt*, 919 S.W.2d at 652–53. One can be in privity in at least three ways: (1) he can control an action even if he is not a party to it; (2) his interests can be represented by a party to the action; or (3) he can be a successor in interest, deriving his claims through a party to the prior action. *Id.* at 653. Privity exists if the parties share an identity of interests in the basic legal right that is the subject of the litigation. *Id.* To determine whether a prior suit and one under review involve the same basic subject matter, we focus on the factual basis of the complaint. *Id.* Res judicata also precludes a second action on claims that arise out of the same subject matter and which might have been litigated in the first suit. *Id.* at 653.

 Here, the basic legal right asserted by Espeche in the 1984 divorce action was her right to an equitable division of the marital property. Because Jonathan was not a child of the marriage, he could not have litigated his contractual claims in the divorce suit. *See McGee v. McGee*, 936 S.W.2d 360, 364 (Tex.App.-Waco 1996, writ denied). Jonathan was not a party to the divorce, nor was he in privity with Espeche, who was a party to the divorce and the agreement. The basic subject matter of Jonathan's breach of contract claims are different from that of the divorce. Therefore, Jonathan's claims under the contract are not precluded by res judicata.

We sustain issue one with regard to Espeche's portion of the breach of contract claim, which rests on the spousal support provisions of the March 12, 1984 separation agreement, and with regard to Jonathan's breach of contract claim. With regard to Espeche's claim to the retirement benefits, we overrule issue one.

***Disputed Fact Issues***

In issue three, Espeche argues the trial court erred in granting summary judgment because there are disputed fact issues that should have been submitted to a jury. She presents her discussion in two parts: (1) bill of review and (2) enforceability of the 1984 agreement.

Because we have determined the trial court erred in granting a take-nothing summary judgment on Espeche's claim for bill of review, we need not address the first part of Espeche's argument. Furthermore, in analyzing Espeche's issue one, we examined the effect of Ritzell's res judicata defense on Espeche's and Jonathan's breach of contract claims and have taken into account the cases cited in the second part of their argument in issue three. Because Espeche presented no fact issue regarding the application of res judicata to a claim for retirement benefits, we need not revisit the second part of her argument.

**CONCLUSION**

We affirm the judgment of the trial court to the extent it ordered Espeche take nothing on her breach of contract claim relating to Ritzell's retirement benefits. We reverse the judgment of the trial court to the extent it ordered Espeche take nothing on her breach of contract

claim relating to spousal support and her bill of review. We also reverse the judgment of the trial court ordering Espeche take nothing in relation to Jonathan's claims. We remand for further proceedings consistent with this opinion.[5]

JOHN S. ANDERSON, J. concurring.

JOHN S. ANDERSON, Justice, concurring on remand on rehearing.

I concur in the result. I would, however, hold the summary judgment motion properly before the trial court, which Ritzell filed before Jonathan was added as a plaintiff, did not address Jonathan's claims. Accordingly, I would not reach the merits of Ritzell's res judicata defense to those claims, but, instead, would hold the trial court erred in granting summary judgment on Jonathan's claims because, in so doing, the trial court was granting relief on claims not addressed in the motion. *See Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983); *Guest v. Cochran,* 993 S.W.2d 397, 405–06 (Tex. App.-Houston [14th Dist.] 1999, no pet.).

It is axiomatic one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *Chessher,* 658 S.W.2d at 564. Thus, when a plaintiff amends her pleadings to add causes of action after a defendant files a summary judgment motion, the defendant generally must amend or supplement his motion for summary judgment to address the additional causes. *See Brandes v. Rice Trust, Inc.,* 966 S.W.2d 144, 148 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). Nevertheless, to this rule, there is an exception: The defendant need not amend or supplement his motion if the grounds asserted in the sum-

mary judgment motion show the plaintiff could not recover from the defendant on the later-pleaded cause of action. *See Wilson v. Korthauer,* 21 S.W.3d 573, 579 (Tex. App.-Houston [14th Dist.] 2000, pet. denied) (holding, in part, affirmative defense of limitations extended to some of newly pleaded claims); *see also Lampasas v. Spring Ctr., Inc.,* 988 S.W.2d 428, 437 (Tex.App.-Houston [14th Dist.] 1999, no writ) (holding no evidence summary judgment proper when amended pleadings merely reiterated same essential elements in different fashion).

Relying on the rule that the effect of a pleading is to be determined by its allegations and evident purpose, rather than its style, the majority reasons that Jonathan's claims as a third party beneficiary to the contract were included in Espeche's original petition even though Jonathan was not a named party in that petition. Majority op. at 8 (citing *Hawkins v. Anderson,* 672 S.W.2d 293, 295 (Tex.App.-Dallas 1984, no writ)). The majority then concludes that, because Jonathan's claims under the contract were included in the original petition, Ritzell's contention res judicata barred the breach of contract action was sufficient to address Jonathan's claims under the contract. Majority op. at 8 (citing *Farah v. Mafrige & Kormanik, P.C.,* 927 S.W.2d 663, 673 (Tex.App.-Houston [1st Dist.] 1996, no writ)).

In short, to determine the sufficiency of Ritzell's motion, the majority focuses solely on the nature of Jonathan's claims as set forth in Espeche's original petition rather than looking at Jonathan's status as a party in relation to Ritzell's res judicata defense. A summary judgment motion addressing the causes of action brought by one plaintiff, however, does

---

5. Espeche's fraud claim is not before this court, and this court's judgment does not affect the trial court's summary judgment to the extent it ordered Espeche take nothing on her fraud claim.

not necessarily address the same causes of action brought by another plaintiff. *See Guest,* 993 S.W.2d at 405–06 (holding summary judgment motion addressing only causes of action brought by plaintiff in individual capacity did not address same causes of action brought by plaintiff in his capacity as co-executor of estate).

The affirmative defense of res judicata requires the identity of parties or their privies in the prior and present lawsuits. *See Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996). Therefore, in the context of the present case, Jonathan's status as a party was relevant to the sufficiency of the scope of Ritzell's summary judgment motion, based, as it was, solely on the defense of res judicata. Ritzell recognized as much because, after Jonathan was added as a party, Ritzell specifically sought (but did not obtain) the trial court's leave to move for summary judgment against Jonathan.[1]

Thus, I would hold the trial court erred in ruling on Jonathan's claims. Accordingly, I agree summary judgment should be reversed as to Jonathan's claims, albeit for reasons different from those stated in the majority opinion.

For these reasons, I respectfully concur in the result only.

---

1. Ritzell did not argue to this court that the motion for summary judgment properly before the court encompassed Jonathan's claims. Instead, Ritzell contended, based on a docket entry, the trial court had granted leave to amend his summary judgment motion. Ritzell implicitly admits the deficiency of his original motion with regard to Jonathan's claims.