Affirmed in part, Reversed and Remanded in Part, and Memorandum Opinion
filed December 16, 2004









Affirmed in part, Reversed and Remanded in Part, and Memorandum Opinion filed December 16, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00073-CV

____________

 

PAULA SALAZAR, Appellant

 

V.

 

TOSHIBA
INTERNATIONAL CORPORATION, Appellee

 



 

On Appeal from the 295th
District Court

Harris County, Texas

Trial Court Cause No. 02-62489

 



 

M E M O R A N D U M   O P I N I O N

Paula Salazar appeals from a summary
judgment favoring Toshiba International Corporation in Salazar’s gender
discrimination lawsuit against it.  In
her petition, Salazar alleged several discrimination causes of action.  On appeal, she expressly waives all but one
of these claims, asserting that the trial court improperly granted judgment
against her claim for disparate treatment because Toshiba’s motion for summary
judgment did not address this claim.  We
affirm in part and reverse and remand in part.

 








Background

The parties agree on most of the
underlying facts.  Salazar began working
for Toshiba in May 1996.  In 1999, she
utilized Toshiba’s tuition assistance program to take several courses.  After completing the courses, she inquired
about a position in Toshiba’s information systems department.  However, the available positions required
practical experience in addition to course work, and Salazar had no such
experience.

Salazar asserts that she expressed her
dissatisfaction to her employers for their allegedly treating her differently
than they had treated male employees by not offering to train her.  On January 31, 2002, Toshiba terminated
Salazar’s employment.  Salazar claims
that the termination was based on her gender and was in retaliation for her
complaints.  Toshiba maintains that in
late January 2002, Salazar was absent from work for three consecutive days
without notifying her superiors.  This
absence was in violation of Toshiba’s absence control policy, which was
contained in the employee manual that Salazar received when she first began
working for Toshiba.

Salazar sued Toshiba alleging gender
discrimination: (1) for the failure to train or promote her, (2) for
terminating her employment in retaliation for her complaints, and (3) for
terminating her employment for violation of the absence control policy when
male employees in the same situation had not been terminated or otherwise disciplined.  Toshiba filed a motion for summary judgment
raising both traditional and no-evidence grounds.  The trial court granted final summary
judgment without stating the basis therefor.

Standards of Review








We utilize the normal standards of review
for traditional and no-evidence motions for summary judgment.  See Tex.
R. Civ. P. 166a(c), (i); King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 750-51 (Tex. 2003) (no-evidence standards); Nixon v. Mr. Property Mgmt.
Co., 690 S.W.2d 546, 548 (Tex. 1985) (traditional standards).  A court may not grant summary judgment
against claims not addressed in the motion for summary judgment.  Chessher v. Southwestern Bell Tel. Co.,
658 S.W.2d 563, 564 (Tex. 1983); Espeche v. Ritzell, 123 S.W.3d 657, 663
(Tex. App.—Houston [14th Dist.] 2003, pet. denied).

In Texas, the Texas Commission on Human
Rights Act prohibits employment discrimination on the basis of race, color,
disability, religion, sex, national origin, or age.  Tex.
Lab. Code Ann. § 21.051 (Vernon 1996). 
One of the purposes of the Act is to execute the policies underlying
Title VII of the Civil Rights Act of 1964; accordingly, we look to analogous
federal statutes and caselaw in applying the Act’s provisions.  Quantum Chem. Corp. v. Toennies, 47
S.W.3d 473, 476 (Tex. 2001).  Because
Salazar alleges only circumstantial evidence of discrimination, her claims are
governed by the three-step burden shifting process announced in McDonnell
Douglas Corp. v. Green, 411 U.S. 792, 802-805 (1973).  Quantum, 47 S.W.3d at 476.  Under this process, the plaintiff initially
has the burden to present a prima facie case of discrimination that includes,
among other things depending on the nature of the claim, proof of an adverse
employment action.  See McDonnell Douglas,
411 U.S. at 802; Quantum, 47 S.W.3d at 477.  Once the plaintiff presents a prima facie
case, the defendant must then put forward a legitimate, non-discriminatory
reason for the adverse employment action. 
McDonnell Douglas, 411 U.S. at 802; Quantum, 47 S.W.3d at
477.  If the defendant meets that burden,
the presumption of discrimination disappears and the burden of production
shifts back to the plaintiff to present evidence that the stated reason was
merely a pretext for discrimination.   McDonnell Douglas, 411 U.S. at 805-07; Quantum,
47 S.W.3d at 477.  When challenged to do
so in a motion for summary judgment, a plaintiff must establish a prima facie
case and present evidence raising a fact issue of pretext in order to survive
such a motion.  Russo v. Smith Int’l,
Inc., 93 S.W.3d 428, 438-39 (Tex. App.—Houston [14th Dist.] 2002, pet.
denied).

Analysis








Salazar’s petition appears to allege
several causes of action based on gender discrimination, including: failure to
promote, retaliation, and disparate treatment. 
Toshiba’s motion for summary judgment raised traditional and no-evidence
grounds regarding the retaliation claim and the failure to promote claim, but
instead of addressing the disparate treatment claim, the motion addressed a
basic termination claim.  Salazar filed
no response to Toshiba’s motion, but in her motion for new trial and on appeal
she alleges that summary judgment was improperly granted against her disparate
treatment claim because the motion for summary judgment did not address that
claim.  We agree.[1]

To establish a prima facie disparate treatment case, a
plaintiff must show:  (1) she is a member
of a protected class, (2) she was qualified for her position, (3) she suffered
an adverse employment action, and (4) others similarly situated were more
favorably treated.  Rutherford v.
Harris County, Tex., 197 F.3d 173, 184 (5th Cir. 1999).  Toshiba does not dispute that Salazar can
establish the first three required elements, which were in common with claims
addressed in Toshiba’s motion.  Regarding
the fourth element, Salazar specifically alleged in her petition that “[o]ther
male employees who failed to report their absences to management were not
terminated,” and “Toshiba’s stated reason for firing Salazar was a pretext for
unlawful sex discrimination because other male employees who had failed to
‘properly report’ absences were not disciplined or fired.”  Toshiba did not file special exceptions
regarding Salazar’s petition; accordingly, we construe the petition liberally
in favor of the pleader.  Prudential
Ins. Co. of Am. v. Fin. Review Servs., Inc., 29 S.W.3d 74, 81 (Tex.
2000).  Under this light, we find that
the petition sufficiently alleged a claim for gender discrimination based on
disparate treatment.








Toshiba’s motion lists the elements of a termination claim
as:  (1) the plaintiff was discharged,
(2) she was qualified for her position, (3) she was within a protected class,
and (4) she was replaced by someone outside of her protected class, citing Sanstad
v. C.B. Richard Ellis, Inc., 309 F.3d 893, 897 (5th Cir. 2002).  The motion then asserts, in both the
traditional and no-evidence sections, that Salazar cannot establish a prima
facie case because she cannot show that she was replaced by someone outside her
protected group.  However, at no point in
her petition or other pleadings did Salazar allege that she was replaced by
someone outside of her group.  Instead,
as explained above, Salazar alleged disparate treatment.  The Fifth Circuit has made it clear that a
disparate treatment case is not the same as a general termination case, even
when the alleged disparate treatment resulted in termination.  See Bryan v. McKinsey & Co., 375
F.3d 358, 360 (5th Cir. 2004) (citing Okoye v. Univ. of Tex. Houston Health
Sci. Ctr., 245 F.3d 507, 512 (5th Cir. 2001)).  Specifically, in a disparate treatment case,
the plaintiff need not prove that he or she was replaced by someone outside the
protected class.  Id.  At no point in its motion does Toshiba
address the disparate treatment claim.

In its brief, Toshiba further contends that its presentation
of legitimate, non-discriminatory reasons for the adverse employment actions
also applies to Salazar’s disparate treatment claim.  However, the motion for summary judgment
clearly discusses only legitimate, non-discriminatory reasons in relation to
the three claims listed in the motion and not in relation to the disparate
treatment claim.  As stated above, a court may not
grant summary judgment against claims not addressed in the motion for summary
judgment.  Chessher, 658 S.W.2d at
564; Espeche, 123 S.W.3d at 663. Accordingly, we find that the trial
court erred in granting summary judgment against the disparate treatment claim.

We affirm the summary judgment against all
of Salazar’s gender discrimination claims except the claim based on disparate
treatment.  We reverse the summary
judgment on the disparate treatment claim and remand for further proceedings in
accordance with this opinion.

 

/s/      Adele Hedges

Chief Justice

Judgment
rendered and Memorandum Opinion filed December 16, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.











[1]  This case is not one in which the
failure to address all of the claims rendered the judgment interlocutory.  In Ritzell v. Espeche, the Texas
Supreme Court reversed an opinion from this court wherein we held that because
a motion for summary judgment did not address all of the claims in the
petition, the resulting judgment was interlocutory.  87 S.W.3d 536, 538 (Tex. 2002).  The supreme court explained that, because the
trial court’s judgment contained language indicating finality, the judgment was
final and appealable regardless of whether the underlying motion addressed all
of the claims.  Id. (holding
further that the trial court committed reversible error by granting judgment on
claims not addressed in the motion). 
Here, the trial court’s opinion also contains language of finality.  It is titled “Final Judgment,” and it clearly
states that “Plaintiff takes nothing by way of this suit” and that it “finally
disposes of all parties and claims and is appealable.”  See id.