

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00231-CV

**JAIME IBARRA AND MARIA IBARRA TORRES,**

                                           **Appellants**

 **v.**

**THE HINES LAND GROUP, LTD., A.W. HINES,
KELLY KING HINES, RICKY D. HINES,
INDIVIDUALLY AND D/B/A HINES DEVELOPMENT
CORPORATION, HINES DEVELOPMENT, LTD.,
AND HINES DEVELOPMENT MANAGEMENT, LLC,**

                                           **Appellees**

From the 170th District Court
McLennan County, Texas
Trial Court No. 2007-3728-4

## CONCURRING OPINION

In this appeal, Ibarra and Torres assert that the judgment does not resolve all claims alleged against the Hines defendants. In this regard, they assert that we do not have a final judgment. The basis for this argument arises from the fact that after the motions for summary judgment were filed, both traditional and no evidence motions, the petition was amended to add new causes of action. And, as their argument goes,

because the motions for summary judgment were filed before the new claims were added, there is simply no way the motions for summary judgment could have addressed the new claims. I write separately to focus on this argument and the resolution of the question of duty which would dispose of most, if not all, of the complaints of Ibarra and Torres. Such a disposition would also render much of the majority opinion, which I do not join, unnecessary. I concur in the judgment of the Court.

## ANALYSIS

It is not uncommon for plaintiffs to amend their petitions after a motion for summary judgment is filed. Sometimes it has the effect of delaying the hearing on the motion for summary judgment, or may cause the filing of a supplemental or amended motion for summary judgment. In this instance, the Hines defendants contended that was unnecessary because their summary judgment motions were sufficiently broad to encompass the later-filed claims.

Ibarra and Torres amended the petition and added additional claims of negligence. The Hines defendants had already filed a no evidence motion for summary judgment. That motion was broad enough to encompass all negligence claims. The no evidence motion makes the following assertion:

> In order to prove negligence, Ibarra must prove the standard elements – (a) that the Defendant(s) owed a legal duty to the Plaintiff, (b) that Defendant(s) breached the duty, and (c) that the breach proximately caused the Plaintiff's injury. As to the Hines Defendants, the Ibarras can prove neither the duty owed, nor the breach of that duty by any of the Hines Defendants, nor can they prove the breach of duty proximately caused damages.

This assertion is broad enough to reach any claim based on any mutation of a negligence claim. The differing labels used by Ibarra and Torres for their claims do not alter the fact they were, at the most fundamental level, nothing more than differing theories of negligence. Each theory of negligence still requires evidence on each element of a negligence claim: duty, breach, and damages proximately caused by the breach (some cases break this down into four elements; some combine proximately caused damages as a single element).

The Hines defendants challenged Ibarra and Torres's ability to present any evidence on each of the elements of a negligence claim. Thus, the Hines defendants argue there was no need to amend the no evidence motion for summary judgment because it was broad enough to encompass Ibarra and Torres's later-filed claims of negligence. The Hines defendants are correct. "If a motion for summary judgment is sufficiently broad to encompass later-filed claims, the movant need not amend his motion." *Espeche v. Ritzell*, 123 S.W.3d 657, 664 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Just because a specific type negligence claim was not on file at the time a motion for summary judgment was filed does not mean that the motion for summary judgment must be amended. The trial court properly disposed of all the negligence-based claims because Ibarra and Torres failed to present any evidence in response to the no evidence motion for summary judgment that would give rise to a duty owed by any of the Hines defendants to either of them. Having failed to establish any duty owed by

the Hines defendants, the trial court properly rendered judgment that Ibarra and Torres

take nothing by their claims.


TOM GRAY
Chief Justice

Concurring opinion delivered and filed July 21, 2010
Judge Pozza joins this concurring opinion.[1]

---

[1] The Honorable Karen H. Pozza, Judge of the 407th District Court, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).