IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00231-CV

 

Jaime Ibarra and Maria Ibarra Torres,

                                                                                    Appellants

 v.

 

The Hines Land Group, LTD., A.W. Hines, 

Kelly King Hines, Ricky D. Hines, 

Individually and d/b/a Hines Development Corporation,
Hines Development, LTD., 

and Hines Development Management, LLC,

                                                                                    Appellees

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 2007-3728-4

 



CONCURRING Opinion










 

            In this appeal, Ibarra and Torres
assert that the judgment does not resolve all claims alleged against the Hines
defendants.  In this regard, they assert that we do not have a final judgment. 
The basis for this argument arises from the fact that after the motions for
summary judgment were filed, both traditional and no evidence motions, the petition
was amended to add new causes of action.  And, as their argument goes, because
the motions for summary judgment were filed before the new claims were added,
there is simply no way the motions for summary judgment could have addressed
the new claims.  I write separately to focus on this argument and the
resolution of the question of duty which would dispose of most, if not all, of
the complaints of Ibarra and Torres.  Such a disposition would also render much
of the majority opinion, which I do not join, unnecessary.  I concur in the
judgment of the Court. 

Analysis

            It is not uncommon for plaintiffs to
amend their petitions after a motion for summary judgment is filed.  Sometimes
it has the effect of delaying the hearing on the motion for summary judgment,
or may cause the filing of a supplemental or amended motion for summary
judgment.  In this instance, the Hines defendants contended that was
unnecessary because their summary judgment motions were sufficiently broad to
encompass the later-filed claims.

            Ibarra and Torres amended the petition
and added additional claims of negligence.  The Hines defendants had already
filed a no evidence motion for summary judgment.  That motion was broad enough
to encompass all negligence claims.  The no evidence motion makes the following
assertion:

In order to prove negligence, Ibarra must prove
the standard elements – (a) that the Defendant(s) owed a legal duty to the
Plaintiff, (b) that Defendant(s) breached the duty, and (c) that the breach
proximately caused the Plaintiff’s injury.  As to the Hines Defendants, the
Ibarras can prove neither the duty owed, nor the breach of that duty by any of
the Hines Defendants, nor can they prove the breach of duty proximately caused
damages.

 

            This assertion is broad enough to
reach any claim based on any mutation of a negligence claim.  The differing
labels used by Ibarra and Torres for their claims do not alter the fact they
were, at the most fundamental level, nothing more than differing theories of
negligence.  Each theory of negligence still requires evidence on each element
of a negligence claim:  duty, breach, and damages proximately caused by the
breach (some cases break this down into four elements; some combine proximately
caused damages as a single element).

            The Hines defendants challenged Ibarra
and Torres’s ability to present any evidence on each of the elements of a
negligence claim.  Thus, the Hines defendants argue there was no need to amend
the no evidence motion for summary judgment because it was broad enough to
encompass Ibarra and Torres’s later-filed claims of negligence.  The Hines defendants
are correct.  “If a motion for summary judgment is sufficiently broad to
encompass later-filed claims, the movant need not amend his motion.”  Espeche
v. Ritzell, 123 S.W.3d 657, 664 (Tex. App.—Houston [14th Dist.] 2003, pet.
denied).  Just because a specific type negligence claim was not on file at the
time a motion for summary judgment was filed does not mean that the motion for
summary judgment must be amended.  The trial court properly disposed of all the
negligence-based claims because Ibarra and Torres failed to present any
evidence in response to the no evidence motion for summary judgment that would
give rise to a duty owed by any of the Hines defendants to either of them.  Having
failed to establish any duty owed by the Hines defendants, the trial court
properly rendered judgment that Ibarra and Torres take nothing by their claims.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

Concurring
opinion delivered and filed July 21, 2010

Judge Pozza joins this concurring opinion.[1]









[1] The Honorable Karen H. Pozza,
Judge of the 407th District Court, sitting by assignment of the Chief Justice
of the Supreme Court of Texas pursuant to section 74.003(h) of the Government
Code.  See Tex. Gov't Code Ann.
§ 74.003(h) (Vernon 2005).