**Opinion filed July 14, 2016**



## In The

# Eleventh Court of Appeals

_____

### No. 11-14-00055-CV

_____

### E & E SERVICE & SUPPLY, INC., Appellant

### V.

### CYNTHIA G. RUDDICK, DAVID R. RASCO AND ALIEN MANUFACTURING, INC., Appellees

---

**On Appeal from the County Court at Law**
**Ector County, Texas**
**Trial Court Cause No. CC-23,487**

---

### M E M O R A N D U M   O P I N I O N

This is a dispute between an employer, E & E Service & Supply, Inc., and its former employees. The former employees, Cynthia G. Ruddick and David R. Rasco, formed Alien Manufacturing, Inc. while still employed by E & E. Alien Manufacturing is a similar oilfield sales and service business that competes with E & E. E & E filed suit against Ruddick, Rasco, and Alien Manufacturing alleging various causes of action. E & E appeals the trial court's order granting summary

judgment in favor of Ruddick, Rasco, and Alien Manufacturing. We affirm in part and reverse and remand in part.

*Background Facts*

E & E is a well service and supply company that sells oilfield supplies and performs repairs on pulling units. E & E hired Ruddick in 1992 as a bookkeeper. Her duties included making daily bank deposits, invoicing customers, and payroll. In August 2008, Ruddick was elected as a director and secretary-treasurer of E & E. Rasco was hired by E & E in 1998 as a machinist. Prior to working at E & E, Rasco had worked as a machinist for twenty-four years. By 2010, Rasco served as the machine shop foreman for E & E.

While still employed by E & E, Ruddick and Rasco made plans to form Alien Manufacturing. Ruddick and Rasco did not disclose these plans to E & E. Ruddick and Rasco incorporated Alien Manufacturing in September 2010. Rasco and Ruddick resigned as employees of E & E on November 24, 2010. Ruddick verbally resigned as an employee of E & E. However, Ruddick did not specifically state that she was resigning as either a director or secretary-treasurer. Rasco gave a written resignation. At the time of his departure, Rasco had a personal laptop that contained some of E & E's programs on it, but he deleted the programs at the demand of E & E. Alien Manufacturing began operations and contacted vendors and customers in January and February of 2011. E & E did not replace Ruddick as secretary-treasurer until April 2011.

In April 2012, E & E sued Ruddick, Rasco, and Alien Manufacturing (Appellees) for breach of contract, breach of fiduciary duty, injunctive relief, and tortious interference with a contractual relationship. With respect to its breach of contract claim, E & E asserted that Ruddick and Rasco breached a noncompete agreement by operating within sixty miles of Odessa, soliciting E & E's customers,

2

and manufacturing equipment similar to E & E. E & E attached a blank copy of a noncompete agreement to its original petition. E & E could not find a noncompete agreement signed by either Ruddick or Rasco. However, E & E alleged that every employee was required to execute the agreement.

E & E also alleged that Ruddick breached her fiduciary duty as a corporate officer for E & E by redirecting communications belonging to E & E, soliciting E & E's customers, misappropriating E & E's confidential information, and using that confidential information to defame and interfere with E & E's business relationships. Finally, E & E asserted that Alien Manufacturing willfully and intentionally interfered with the noncompete agreements between E & E and Ruddick and Rasco.

In October 2013, Appellees moved for summary judgment on no-evidence and traditional grounds on all of E & E's claims. In Appellees' no-evidence motion for summary judgment, they asserted that E & E presented no evidence that a fiduciary relationship existed between Ruddick and E & E. Appellees also alleged eight traditional grounds for summary judgment.

On November 25, 2013, E & E filed a response to Appellees' summary judgment motion. E & E also filed an amended petition on the same day. The amended petition appears to have been timely filed because it was filed seven days prior to the hearing on the motion for summary judgment. *See* TEX. R. CIV. P. 63. In the amended petition, E & E added a claim for breach of fiduciary duty against Rasco. E & E alleged that Ruddick and Rasco breached their fiduciary duty to E & E based upon their status as employees of E & E. E & E further alleged a claim for breach of fiduciary duty against Alien Manufacturing based upon the contention that it was a corporate entity created to effectuate a wrong. E & E also added a claim for

3

"conspiracy to breach fiduciary duties" against Ruddick, Rasco, and Alien Manufacturing.[1]

Appellees filed a reply to E & E's summary judgment response. However, they did not amend their motion for summary judgment to address the new claims added in E & E's amended petition. The trial court granted summary judgment against E & E on all claims without specifying the grounds upon which it relied.

*Analysis*

E & E raises six issues on appeal. We note at the outset that E & E only challenges the trial court's rulings on its claims for breach of fiduciary duty and conspiracy to breach fiduciary duty. Accordingly, the trial court's rulings on E & E's claims for breach of contract and tortious interference with a contractual relationship are not before this court. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex. 2001). The parties devoted a great deal of attention in the summary judgment proceedings to these unchallenged claims, particularly the breach of contract claim. As set forth below, we affirm the trial court's rulings granting summary judgment to Appellees on E & E's claims for breach of contract and tortious interference with a contract.

E & E alleges in its first issue that the trial court improperly granted Appellees' motion for summary judgment on causes of action that were not addressed in Appellees' motion. As noted previously, E & E filed an amended petition at the same time that it filed its response to the motion for summary judgment. The amended petition asserted new variations of E & E's claim of breach of fiduciary duty. In its original petition, E & E only asserted a claim of breach of fiduciary duty against Ruddick on the basis that she owed E & E a fiduciary duty as

---

[1]In the amended petition, E & E repeated its claim for breach of contract against Ruddick and Rasco and its claim for interference with a contractual relationship against Alien Manufacturing. However, it no longer asserted its claim for injunctive relief.

a director and officer. E & E's amended petition included new claims of breach of fiduciary duty against Ruddick, Rasco, and Alien Manufacturing. The new claims alleged that Ruddick and Rasco breached their fiduciary duty as employees and that Alien Manufacturing was an entity created to effectuate the breach of fiduciary duty. Additionally, E & E alleged that Alien Manufacturing, Ruddick, and Rasco conspired to breach their respective fiduciary duties.

Summary judgments may only be granted upon grounds expressly asserted in the summary judgment motion. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (citing TEX. R. CIV. P. 166a(c)). Thus, as a general rule, a trial court commits reversible error if it grants summary judgment on claims not addressed in the summary judgment motion. *See id.* The general rule is subject to the following two limited exceptions:

> (1) when the movant has conclusively proved or disproved a matter (usually corresponding to a claim's element or to an affirmative defense) that would also preclude the unaddressed claim as a matter of law or (2) when the unaddressed claim is derivative of the addressed claim, and the movant proved its entitlement to summary judgment on that addressed claim.

*Id.* If either exception is met, the trial court's error is harmless under TEX. R. APP. P. 44.1(a). *See id.* at 297–98. Courts require "a very tight fit" between the grounds established or negated by summary judgment and the elements of unaddressed claims because "otherwise, the exception could swallow the rule." *Wilson v. Davis*, 305 S.W.3d 57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

The foregoing rule applies when the summary judgment movant fails to amend its motion after the nonmovant amends its petition. *See Coterill–Jenkins v. Tex. Med. Ass'n Health Care Liab. Claim Trust*, 383 S.W.3d 581, 592 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). A summary judgment on the entire case can still be affirmed if (1) the amended petition essentially reiterates previously

pleaded causes of action, (2) a ground asserted in the motion for summary judgment conclusively negates a common element of the newly and previously pleaded claims, or (3) the original motion is broad enough to encompass the newly asserted claims. *See id.* However, if the plaintiff asserts a new cause of action in its amended petition based on facts not alleged in its original petition, a court cannot conclude that the defendant's motion for summary judgment contemplated and embraced the additional claim in the amended petition. *See Espeche v. Ritzell*, 123 S.W.3d 657, 664 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

From an analytical standpoint, our first task is to determine if the trial court's summary judgment was correct on the grounds alleged in the motion for summary judgment pertaining to E & E's claim of breach of fiduciary duty against Ruddick as alleged in E & E's original petition. Accordingly, we will address E & E's other appellate issues prior to resolving its first issue.

In its second issue, E & E contends that Appellees did not properly assert a no-evidence motion for summary judgment. E & E argues that Appellees' no-evidence motion for summary judgment was improper because it was conclusory and did not specifically challenge the specific elements of E & E's breach of fiduciary duty claim.[2] In advancing this argument, E & E is asserting that Appellees' no-evidence motion for summary judgment was procedurally deficient. We disagree.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When a party moves for summary judgment on both no-evidence and traditional grounds, the appellate court should address the no-evidence grounds first. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex.

---

[2]We only address E & E's second issue as it pertains to its claim of breach of fiduciary duty against Ruddick based upon her alleged status as a director and officer because that was the only basis for this cause of action alleged in E & E's original petition.

6

2013); *see* TEX. R. CIV. P. 166a(c), (i).  After adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial.  TEX. R. CIV. P. 166a(i).  A no-evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion.  *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006).  When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not."  *Timpte Indus.*, 286 S.W.3d at 310; *Mack Trucks*, 206 S.W.3d at 582 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002)).

In Appellees' no-evidence motion for summary judgment, they asserted that E & E had presented no evidence that Ruddick owed a duty to E & E for the breach of fiduciary duty claim.  Specifically, they alleged that E & E had presented no evidence that Ruddick served as a corporate officer during the years preceding her departure from E & E.  Rule 166a(i) requires that no-evidence motions for summary judgment "state the elements as to which there is no evidence."  TEX. R. CIV. P. 166a(i).  The comments to Rule 166a(i) state that "[t]he motion must be specific in challenging the evidentiary support for an element of a claim or defense" and that "paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case."  *Id.* cmt.

7

Appellees' no-evidence motion for summary judgment was sufficient to attack the duty element for E & E's breach of fiduciary duty claim against Ruddick as a corporate director or officer. For a breach of fiduciary duty claim, a plaintiff must show (1) a fiduciary relationship between the plaintiff and the defendant, (2) a breach by the defendant of his fiduciary duty, and (3) an injury to the plaintiff or benefit to the defendant as a result of the defendant's breach. *Priddy v. Rawson*, 282 S.W.3d 588, 599 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Appellees' motion specifically asserted that E & E had no evidence that Ruddick owed a fiduciary duty to E & E in the factual context that E & E alleged in its original petition. Accordingly, we overrule E & E's second issue.

In its third issue, E & E argues that the trial court erred when it held that Appellees did not have a fiduciary relationship with E & E. E & E presents its third issue in three subparts. The first subpart deals with the assertion that Ruddick owed a fiduciary duty as corporate officer and director. This was the only basis that E & E alleged in its original petition to assert its breach of fiduciary duty claim against Ruddick.[3] Appellees asserted in their no-evidence motion for summary judgment that E & E had not produced any evidence that Ruddick served as a corporate officer during 2009 and 2010. Appellees also made this assertion as a traditional summary judgment ground.

There are two types of fiduciary relationships in Texas: (1) a formal fiduciary relationship arising as a matter of law, such as between partners or an attorney and a client, and (2) an informal or confidential fiduciary relationship arising from a

---

[3]The second subpart of E & E's third issue concerns the claim that Ruddick and Rasco had fiduciary relationships based upon their status as employees of E & E. The third subpart of E & E's third issue concerns the claim that Alien Manufacturing had direct liability for the alleged fiduciary obligations of Ruddick and Rasco. These are new claims that were not addressed in the grounds set out in Appellees' motion for summary judgment. Accordingly, we do not reach the second and third subparts of E & E's third issue.

moral, social, domestic, or merely personal relationship where one person trusts in and relies upon another. *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992). Corporate directors owe a fiduciary duty to the corporation in their directorial actions, and this duty "includes the dedication of [their] uncorrupted business judgment for the sole benefit of the corporation." *Ritchie v. Rupe*, 443 S.W.3d 856, 868 (Tex. 2014) (quoting *Int'l Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 577 (Tex. 1963)).

The summary judgment evidence indicates that Ruddick was elected as a director and secretary-treasurer of E & E on August 15, 2008. Ruddick attended E & E's annual meeting in 2008. Ruddick was not elected again in either 2009 or 2010. There is a question as to whether E & E held its annual directors' meeting in 2009 and 2010. Curtis Travis, the president of E & E, recalled having meetings in 2009 and 2010. He also remembered Ruddick being present at both meetings. However, Ruddick signed an affidavit that she "was not elected or reelected a corporate officer or director" in 2009 or 2010 and "was specifically asked . . . to not attend the majority of all corporate meetings."

Ruddick gave a verbal resignation in November 2010, but she did not specifically resign as either a director or secretary-treasurer of E & E at that time. Ruddick was subsequently replaced as secretary-treasurer on April 25, 2011, by Cody Travis, who was also the vice-president of E & E. There is no evidence that Ruddick was ever replaced as a director.

E & E's bylaws state that a director "shall serve for one year from the date of their election *and until* their successors have been chosen" (emphasis added). The bylaws further provide that officers "shall serve until the next regular annual meeting, *or until* their successors have been appointed and qualified" (emphasis

added).  Conversely, the bylaws do not contain a cap or otherwise limit the number of terms a director may serve.

Appellees argue on appeal that, under E & E's bylaws, directors and officers only serve a yearly term and that the language "or until their successors" implies that an officer may be removed prior to the expiration of that annual term.  Reading all of E & E's bylaws together, the language "shall serve until the next regular annual meeting" appears to only establish a minimum time of service that expires upon the election of a successor.  *See Houston Aeronautical Heritage Soc'y, Inc. v. Graves*, No. 01-12-00443-CV, 2013 WL 6506301, at *9 (Tex. App.—Houston [1st Dist.] Dec. 10, 2013, no pet.) (mem. op.).  At a minimum, the summary judgment evidence raises a fact question that Ruddick continued to serve as a director or as an officer until her successor was appointed in April 2011.  Thus, the trial court erred when it granted summary judgment with respect to whether or not Ruddick owed a fiduciary duty based upon her status as a director and officer of E & E.  We sustain E & E's third issue.

E & E's fourth issue concerns the question of whether or not Appellees breached their alleged fiduciary duties.  Appellees did not seek summary judgment on this basis.  Thus, the trial court did not make a summary judgment ruling on the "breach" question and this element of E & E's claim for breach of fiduciary duty is not before this court.  Accordingly, we do not reach E & E's fourth issue.

E & E's fifth issue concerns the matter of damages arising from Appellees' alleged breach of fiduciary duty.  Appellees included two traditional summary judgment grounds that addressed damages.  They asserted that (1) E & E cannot recover lost profits because E & E was not making profits "at the time any actionable conduct occurred" and (2) E & E is precluded from recovering on any claim because it is uncertain whether any damages have occurred.

10

Appellees only challenged E & E's alleged damages under traditional summary judgment grounds. To properly obtain traditional summary judgment on these grounds, Appellees were required to conclusively negate the existence of damages for the breach of fiduciary duty claims. *See* TEX. R. CIV. P. 166a(c). We conclude that Appellees have not done so. The damages available for a breach of fiduciary duty are quite broad. As recognized in *ERI Consulting Engineers, Inc. v. Swinnea*, the damages recoverable for a breach of fiduciary duty are equitable in nature and are not restricted to a showing of damages actually incurred by the plaintiff. 318 S.W.3d 867, 872–73 (Tex. 2010). "It is the law that in such instances if the fiduciary 'takes any gift, gratuity, or benefit in violation of his duty, or acquires any interest adverse to his principal, without a full disclosure, it is a betrayal of his trust and a breach of confidence, and he must account to his principal for all he has received.'" *Kinzbach Tool Co. v. Corbett–Wallace Corp.*, 160 S.W.2d 509, 514 (Tex. 1942) (quoting *United States v. Carter*, 217 U.S. 286, 306 (1910)). "For instance, courts may disgorge all ill-gotten profits from a fiduciary when a fiduciary agent usurps an opportunity properly belonging to a principal, or competes with a principal." *Swinnea*, 318 S.W.3d at 873. Appellees' damage grounds do not negate all of the damages recoverable for a breach of fiduciary duty because they do not address any profits or gains received by Ruddick, Rasco, or Alien Manfacturing in competition with E & E. We sustain E & E's fifth issue.

In its sixth issue, E & E asserts that the trial court erred when it disposed of the claim against Appellees for conspiracy to breach fiduciary duties. This is a new claim that E & E asserted in its amended petition. E & E contends that the summary judgment grounds contained in Appellees' motion for summary judgment do not extend to E & E's conspiracy claims. For the reasons set forth below, we agree.

In conclusion, E & E only appeals the trial court's summary judgment rulings on its claims for breach of fiduciary duty and conspiracy to breach fiduciary duty. The only claim of this type that E & E alleged in its original petition was the claim against Ruddick for breach of fiduciary duty based upon her status as a director and officer. We have reviewed the summary judgment grounds and rulings pertaining to this claim and determined that Appellees were not entitled to summary judgment on this claim. Furthermore, these new claims were based on factual contentions that were not alleged in the original petition. *See Espeche*, 123 S.W.3d at 664. Specifically, E & E's amended petition alleged claims for breach of fiduciary duty against Rasco and Alien Manufacturing for the first time. Additionally, the amended petition alleged for the first time that Ruddick owed a fiduciary duty to E & E based upon her status as an employee. Accordingly, the trial court erred to the extent that it granted summary judgment on the new breach of fiduciary duty claims asserted in E & E's amended petition.[4] We sustain E & E's first and sixth issues.

## Sanctions

Appellees request sanctions and damages against E & E under TEX. R. APP. P. 45 for "substantive and frivolous misstatement of the trial court's record." Rule 45 permits a court of appeals to award damages for a frivolous appeal. Whether to grant sanctions for a frivolous appeal is a matter of discretion that this court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances. *See Methodist Hosp. v. Shepherd–Sherman*, 296 S.W.3d 193, 200 (Tex. App.—Houston [14th Dist.] 2009, no pet.). E & E's appeal is not frivolous because E & E has prevailed on the matters that it has raised on appeal. Accordingly, we deny Appellees' request for sanctions and damages.

---

[4]We express no opinion as to the viability of the new breach of fiduciary duty claims contained in E & E's amended petition. In this regard, we have concluded that these claims have not been presented to the trial court for consideration.

12

*This Court's Ruling*

We affirm the trial court's order insofar as it granted summary judgment on E & E's claims of breach of contract and tortious interference with a contractual relationship. We reverse the trial court's order insofar as it granted summary judgment on E & E's claims for breach of fiduciary duty and conspiracy to breach fiduciary duty, and we remand these claims to the trial court for further proceedings consistent with this opinion.

JOHN M. BAILEY
JUSTICE

July 14, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.