**Leta Jane BRINKMAN, Appellant,**

v.

**L.D. BRINKMAN and Mr. Gatti's, Inc., Appellees.**

No. 04–96–000946–CV.

Court of Appeals of Texas, San Antonio.

March 31, 1998.

Bernard Wm. Fischman, Tinsman & Houser, Inc., San Antonio, for Appellant.

Robert Q. Keith, Thomas H. Walston, Keith & Weber, P.C., Johnson City, for Appellees.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

This is an appeal from the granting of summary judgment in favor of the defendants in a civil assault case. In one point of error, appellant, Leta Jane Brinkman, contends that, because her claims were not barred by res judicata, the trial court erred in granting summary judgment to appellees, Lloyd Brinkman and Mr. Gatti's, Inc. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant, Leta Jane Brinkman, and appellee, Lloyd Brinkman, were married on May 29, 1993. The Brinkmans were both employed by appellee, Mr. Gatti's, Inc. On November 18, 1993, while the couple was on a business trip for Mr. Gatti's, Inc., Mr. Brinkman physically assaulted Ms. Brinkman, causing permanent damage to two discs in her neck.

On October 11, 1994, Mr. Brinkman sued Ms. Brinkman for divorce. Ms. Brinkman counter-sued, alleging cruel treatment by Mr. Brinkman as grounds for divorce. In support of her motion for temporary spousal support, Ms. Brinkman testified that she needed continual medical and physical therapy treatment for the injuries she incurred on November 18, 1993. In her counter-suit, Ms.

Brinkman also alleged tort causes of action for fraud, breach of fiduciary duty, and constructive trust, all in relation to actions Mr. Brinkman allegedly took regarding the couple's community estate. Mr. Brinkman moved to sever the divorce and property division issues from Ms. Brinkman's tort causes of action, alleging that the tort causes of action were not necessary to the dissolution of the marriage. The trial court granted Mr. Brinkman's motion. On March 28, 1995, the trial court entered judgment on the divorce and property division issues based upon a prenuptial agreement determined by a jury to have been voluntarily signed by both parties.

On June 21, 1995, the parties filed a joint Motion to Set Aside the Order of Severance and Decree of Divorce, informing the court that all matters in controversy had been settled. The trial court granted the motion, and the divorce action was again joined with Ms. Brinkman's tort causes of action. The parties then entered into an Agreed Amended Decree of Divorce which resolved all issues in controversy.

On August 13, 1995, Ms. Brinkman filed this suit against Mr. Brinkman and Mr. Gatti's, Inc.[1] for damages caused by the November 18, 1993, assault.[2] On August 29, 1996, the trial court granted summary judgment in favor of Mr. Brinkman, finding that the claims asserted by Ms. Brinkman are barred by the doctrine of res judicata and the final judgment (the Agreed Amended Decree of Divorce) entered in the previous action between the parties.

## ARGUMENT AND AUTHORITIES

### A. Standard of Review

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671,

678 (Tex.1979); Tex.R. Civ. P. 166a(c). The appellate court must take as true all evidence favoring the non-movant and indulge every reasonable inference in his favor. *Park Place Hosp. v. Milo,* 909 S.W.2d 508, 510 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984).

Summary judgment may be obtained upon a plea of res judicata. *Walker v. Sharpe,* 807 S.W.2d 442, 447 (Tex.App.—Corpus Christi 1991, no writ). The burden of proving res judicata rests on the party asserting the defense. *Id.* Therefore, in order to prevail, the movant must produce summary judgment evidence, including verified or certified copies of the judgment and pleadings from the prior suit, sufficient to establish the applicability of res judicata as a matter of law. *Id.; see Boswell v. Handley,* 397 S.W.2d 213, 216 (Tex.1965).

### B. Res Judicata

In this case, Mr. Brinkman asserts at least four basis for his argument that the judgment in the Brinkman divorce operates as a res judicata bar to the personal injury claims Ms. Brinkman makes here. Mr. Brinkman contends that Ms. Brinkman should have litigated her personal injury claim during the divorce action (1) because she alleged in the divorce action that the marriage had become insupportable because of cruel treatment; (2) because she sought an injunction during the divorce action prohibiting Mr. Brinkman from causing her bodily injury; (3) because she used the injury at issue in this case to support a claim for temporary spousal support during the divorce action; and (4) because she alleged other tort causes of action in the divorce action. Mr. Brinkman further argues that, because the final judgment in the divorce action contains a mother hubbard clause and states that "all matters in this cause have been settled," res judicata applies to bar Ms. Brinkman's personal injury claims.

The issue of when an interspousal tort may or must be joined in a divorce action has

---

1. For the sake of brevity, the appellees, Mr. Brinkman and Mr. Gatti's, Inc., will be collectively referred to as "Mr. Brinkman" in the remainder of this opinion.

2. Ms. Brinkman sued Mr. Gatti's, Inc. under the doctrine of respondeat superior, based upon her allegation that Mr. Brinkman was acting in the course and scope of his employment with Mr, Gatti's, Inc. when the assault occurred.

been the subject of much controversy among family law experts since the abolition of interspousal immunity. *See generally* Barbara Glesner Fines, *Joinder of Tort Claims in Divorce Actions*, 12 J. AM. ACAD. MATRIM. LAW 285 (1994) (debating question of whether a divorce should be the final battle between two spouses or simply the first step in an ongoing war); Andrew Schepard, *Divorce, Interspousal Torts, and Res Judicata*, 24 FAM. L.Q. 127 (1990) (advocating the strict application of res judicata to interspousal tort claims filed after divorce); Barbara H. Young, *Interspousal Torts and Divorce: Problems, Policies, Procedures*, 27 J. FAM. L. 489 (1989) (examining the difficult procedural and policy issues faced when a party in a divorce action has tort claims against his or her spouse). Jurisdictions are split between prohibited joinder, mandatory joinder, and permissive joinder. *Compare Brown v. Brown*, 208 N.J.Super. 372, 506 A.2d 29, 32 (1986) (requiring joinder of all tort claims in a divorce action because an intentional tort between spouses constitutes a "constituent element" of the divorce action), *with Walther v. Walther*, 709 P.2d 387, 388 (Utah 1985) (forbidding the joining of a tort claim with a divorce action on grounds that tort actions and divorce proceedings are fundamentally distinct), *and Stuart v. Stuart*, 143 Wis.2d 347, 421 N.W.2d 505, 508 (1988) (rejecting a mandatory joinder requirement and holding that tort claims may be joined with divorce actions but do not have to be).[3]

In *Twyman v. Twyman*, 855 S.W.2d 619 (Tex.1993), the Texas Supreme Court adopted the less extreme permissive approach, whereby the joinder of tort causes of action with divorce proceedings is permitted but not required. *Id.* at 624. However, the court cautioned that while joinder of the two actions is permissive, the principles of res judicata remain applicable. *Id.* at 625. Accordingly, the joinder of tort claims with the divorce, when feasible, is encouraged. *Id.* In fact, the *Twyman* court noted that it anticipated interspousal tort claims and divorce proceedings would remain separate only where the facts supporting the tort action are different from those supporting a petition

for divorce. *Id.* at 625 n. 17. This is consistent with the principles espoused by the transactional approach to res judicata.

In *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627 (Tex.1992), the supreme court clarified the Texas position on res judicata, and adopted the transactional approach set forth in the RESTATEMENT (SECOND) OF JUDGMENTS (1982). "Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992); *see Gracia v. R C Cola–7Up Bottling* Co., 667 S.W.2d 517, 519 (Tex.1984); *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). Therefore, a "final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr*, 837 S.W.2d at 631 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (1982)). The court in *Barr* acknowledged the difficulty in determining what claims should have been litigated in the prior suit:

A "transaction" under the Restatement is not equivalent to a sequence of events, however; the determination is to be made pragmatically, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage."

*Id.* (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)). In spite of its challenges, such a doctrine is necessary to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, prevent double recovery, and promote judicial economy. *Id.* at 629.

In this case, Ms. Brinkman countersued Mr. Brinkman for divorce, alleging that the marriage was insupportable because of, among other things, cruel treatment toward Ms. Brinkman by Mr. Brinkman. Accordingly, Ms. Brinkman requested a disproportionate share of the community property be-

---

**3.** For a more thorough discussion of the various treatments of this issue in other jurisdictions, see Clare Dalton, *Domestic Violence, Domestic Torts* *and Divorce: Constraints and Possibilities*, 31 NEW. ENG. L.REV. 319, 374–78 (1997).

cause of Mr. Brinkman's fault in the breakup of the marriage. Further, during the pendency of the divorce, at a hearing on Ms. Brinkman's motion for temporary orders, the incident at issue in this case was presented to the court. Ms. Brinkman was cross-examined regarding the incident, her subsequent actions, her injuries, and various treatment she has received from doctors and therapists.

■ Applying the principles of res judicata to these facts, we do not believe that the present case presents a situation in which "the facts supporting [the] tort action [are] different from those supporting [the] petition for divorce" as anticipated by the *Twyman*court. *See Twyman*, 855 S.W.2d at 625 n. 17. In fact, because the tort at issue here was made a part of the divorce proceedings, this appears to be the type of case in which the *Twyman* court encouraged joinder. *Id.* at 625; *see Mogford v. Mogford*, 616 S.W.2d 936, 940–41 (Tex.App.—San Antonio 1981, writ ref'd n.r.e.) (stating that, in a case involving the joinder of a divorce and a personal injury claim, "the courts favor the avoidance of a multiplicity of suits . . . . the courts favor resolution in one suit of all matters existing between parties and arising out of the same transaction"). If Ms. Brinkman's personal injury claim was not fully litigated in the divorce action, it certainly *could* have been with the use of diligence, as is required by the principles of res judicata. *See Barr*, 837 S.W.2d at 631 (holding "a subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit.").

When Ms. Brinkman chose to allege cruel treatment as grounds for divorce in order to receive a disproportionate share of community property, she was bound to assert all of her claims for cruel treatment arising out of the marriage. To hold otherwise would enable a spouse to use one instance of abuse as grounds for receiving a large amount of temporary spousal support or a greater share of community property, and then another instance of abuse to obtain actual and punitive damages from the former spouse. In cases in which the marriage involved long-term abuse, the number of lawsuits between the spouses could multiply exponentially. The prevention of such a situation is one purpose

of res judicata. *See* Andrew Schepard, *Divorce, Interspousal Torts, and Res Judicata*, 24 FAM. L.Q. 127, 138–39 (1990) (noting that under a state procedural system following the transactional philosophy of res judicata, there is a strong presumption that interspousal torts should be joined in the divorce action).

Because Ms. Brinkman knew about her personal injury claim against Mr. Brinkman and used it to her advantage in the divorce proceeding, the claim should have been joined with the divorce action. If such joinder would have caused undue complication of the divorce proceeding, the proper remedy would have been severance, not the filing of a second suit after the first had been resolved. *See Mogford*, 616 S.W.2d at 941 (holding that appellant's remedy, if he did not want both divorce and personal injury claim considered at the same trial, was to file a motion for severance). Requiring joinder under these facts is consistent with the purposes of res judicata. Accordingly, the trial court did not err in finding that Ms. Brinkman's personal injury claim is barred by res judicata.

The judgment of the trial court is affirmed.