Katherine Lefever HARGRAVE, Appellant,

v.

Steven W. LEFEVER, Appellee.

No. 04–01–00542–CV.

Court of Appeals of Texas, San Antonio.

May 8, 2002.

Anne Marie Gorman, Timothy J. Daniels, Daniels & Daniels, San Antonio, for Appellant.

Chris Mitchell, Ball & Weed, P.C., San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

Opinion by ALMA L. LÓPEZ, Justice.

This is an appeal from the trial court's order granting summary judgment in favor of appellee, Steven W. Lefever ("Lefever"). In two issues to this court, appellant, Katherine Lefever Hargrave ("Hargrave") contends that the trial court erred in granting Lefever summary judgment. We sustain Hargrave's two issues and reverse the trial court's order and remand this case for further proceedings.

## BACKGROUND

Lefever and Hargrave were divorced in January 1990. They have three children, one son and two daughters. A motion to modify in suit affecting the parent-child relationship was filed in 1995. A final agreement regarding this motion was entered the same year in which the parties were appointed joint managing conservators with Hargrave having primary possession of all three children. On March 28, 2000, Lefever filed a "Petition to Modify the Parent Child Relationship" (the "petition") asserting that: (1) his income had substantially and materially changed by decreasing; and (2) possession had become unworkable because his son had decided to

live with him. Hargrave filed a timely answer. An agreement on temporary orders pursuant to Lefever's "petition" was entered on May 15, 2000. A hearing on the "petition" was held on August 16, 2000. At the hearing, Lefever testified that his son had decided he wanted to live with him. For this reason, Lefever asked that Hargrave provide him with child support. Lefever also testified that he was earning $42,000 yearly, an amount significantly less than what he was earning when prior orders were entered. Lefever acknowledged he was an accountant, but had allowed his license to lapse. He attributed his drop in income to being terminated and taking a job as a controller for a computer company. The transcript from the hearing does not reflect whether the trial court rendered a decision on Lefever's "petition" at the hearing.

On December 7, 2000, Lefever filed a "Motion to Sign Orders," attaching an order to modify the parent-child relationship and an employer's withholding order. Under the proposed order to modify the parent-child relationship, Lefever would pay support in the amount of approximately $1,015.00 to Hargrave for their two daughters. Hargrave, in turn, would pay support in the amount of $637.00 to Lefever for their son. On March 30, 2001, Hargrave filed a "Motion to Modify in Suit Affecting the Parent–Child Relationship." Before a hearing was held on Hargrave's motion to modify, a hearing was held on Lefever's motion to enter orders on April 25, 2001. A transcript from that hearing is not in the record before this court. However, the record reflects that an order modifying the parent-child relationship was finally entered by the trial court on April 26, 2001.[1]

On June 12, 2001, Lefever filed a motion for summary judgment on Hargrave's motion to modify alleging that there was no evidence to support any basis to modify child support under section 156.401 of the Texas Family Code. Hargrave responded by asserting, in part, that she did not learn of a change in Lefever's income until late March 2001. Hargrave presented evidence of Lefever's increased income since the hearing on August 16, 2000. In reply, Lefever argued that the court did not render an order on August 16, 2000, thereby making the April 26, 2001, order the most recent order to be modified. Therefore, Hargrave, having failed to attack that order by filing a timely motion to reconsider or motion for new trial, was precluded from raising her motion by res judicata. Lefever also argued that because Hargrave's motion was filed before the trial court's order of April 26, 2001, the motion was subsumed in the court's order. He noted that Hargrave did not serve her motion as a separate and new lawsuit, but rather, filed it as a motion in the ongoing case. *See* Tex. Fam.Code Ann. § 156.004 (Vernon 1996) (providing that the Texas Rules of Civil Procedure regarding the filing of an original lawsuit apply to a suit for modification under chapter 156). The trial court subsequently granted Lefever's motion for summary judgment on July 20, 2001.

### Analysis

Based on their briefs and oral arguments to this court, the dispositive issue to both parties is whether or not the trial court rendered an order at the August 16, 2000, hearing. We need not address this issue because it is not essential to our determination of the issues raised on ap-

---

1. Subsequently, Lefever filed a motion for judgment nunc pro tunc to correct two errors in the order.

peal. Rather, it is a matter for the trial court to determine with respect to whether a substantial and material change has occurred to support modification. *See* TEX. FAM.CODE ANN. § 156.401 (Vernon 1996 & Supp.2002); *Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex.App.-San Antonio 1995, writ denied) (stating that in ruling on a modification, the court must compare the financial circumstances of the child and the affected parties at the time the support order was entered with their circumstances at the time modification is sought). Important to our analysis is the significance of the April 26, 2001, order. Accordingly, we address whether Lefever proved his defenses as a matter of law.

In reviewing a summary judgment, this court must apply the standards established in *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A motion for summary judgment must state the specific grounds therefor. TEX.R. CIV. P. 166a(c). For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. *Id.* A movant must either prove all essential elements of his claim, *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986), or negate at least one essential element of the non-movant's cause of action. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Barbouti v. Hearst Corp.*, 927 S.W.2d 37, 64 (Tex. App.-Houston [1st Dist.] 1996, writ denied). Our review of a summary judgment is conducted *de novo. See Sasser v. Dan-*

*tex Oil & Gas, Inc.*, 906 S.W.2d 599, 602 (Tex.App.-San Antonio 1995, writ denied).

■ We first address whether the trial court erred in granting summary judgment on the basis of res judicata. Lefever relies on this court's opinion in *Brinkman v. Brinkman*, 966 S.W.2d 780 (Tex.App.-San Antonio 1998, pet. denied), for the proposition that Hargrave should have exercised due diligence to bring all facts to the trial court's attention prior to the entry of its order on April 26, 2001. Lefever argues that because Hargrave failed to bring to the trial court's attention all the issues raised by her motion to modify before it entered its order on April 26, 2001, she is barred under *Brinkman* from pursuing those issues any further.

■ We refuse to extend *Brinkman* to the instant matter on the basis that to do so would ignore the unique circumstances surrounding the modification of the parent-child relationship and ignore section 156.401 of the Texas Family Code. Res judicata, or claims preclusion, operates to prevent the relitigation of a claim or cause of action that has been finally adjudicated as well as related matters that, with the use of diligence, should have been litigated in the prior lawsuit. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). By definition, res judicata assumes the finality of a prior judgment. The modification of the parent-child relationship is not inherently final. It is an ongoing process whereby a movant could file a motion every month and allege that circumstances have substantially and materially changed. Unlike the appellant in *Brinkman*, Hargrave is not attempting to assert claims or causes of action against her ex-husband which, with due diligence, she could have asserted in a prior litigation in which a final judgment had been rendered. Instead, Hargrave is seeking to modify the parent-child relationship on new grounds.

For this purpose, section 156.401 of the Family Code constitutes the sole guidance. *See* TEX. FAM.CODE ANN. § 156.401 (Vernon 1996 & Supp.2002). The issue in a modification of child support suit is not whether a subject matter is being relitigated in a second suit, as in res judicata, but whether any basis under section 156.401 of the Texas Family Code has been met to warrant modification. We sustain Hargrave's first issue.

■■■ We next address whether Hargrave's motion was subsumed in the trial court's order of April 26, 2001. The order contains a Mother Hubbard clause which provides that "all relief requested in this case and not expressly granted is denied." Based on this clause, Lefever contends that the trial court considered Hargrave's motion before it entered its order. Relying upon *North E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966), Lefever asserts that the Mother Hubbard clause disposes of all issues that were before the trial court prior to its April order, including Hargrave's motion. *Aldridge* stands for the general rule that for appeal purposes, it is presumed a trial court intended to dispose of all parties and issues before it when a judgment is rendered and entered in a case.[2] *See* 400 S.W.2d at 897–98. However, the presumption does not apply to a judgment that affirmatively reserves some ultimate issues or decisions for future adjudication. *See Zellers v. Barthel,* 727 S.W.2d 364, 365 (Tex.App.-Fort Worth 1987, no writ) (holding that an order addressing each parent's motion to modify but failed to reference wife's motion to enforce an out of state judgment was not a final appealable order).

In the instant matter, the record and the order are silent regarding the trial court's intention on Hargrave's motion to modify. The record reflects that Hargrave's motion was filed prior to the trial court's order of April 26, 2001. However, the order is silent as to this motion and the language of the order does not indicate multiple modification requests. Rather, the order expressly references the hearing of August 16, 2000, and refers to the "petition to modify." Moreover, the record reflects that a hearing on Hargrave's motion was set and reset for dates after April 26, 2001. Based on the record before us, the order is premised solely upon Lefever's "petition" and the hearing held on August 16, 2000, which addressed this "petition." Accordingly, we cannot say that the order of April 26, 2001, subsumed and disposed of Hargrave's motion. *Zellers,* 727 S.W.2d at 365; *also Cozby v. Cozby,* 597 S.W.2d 808, 809 (Tex.Civ.App.-Tyler 1980, no writ) (recognizing that questions of changed conditions and the amount of child support must be resolved on the particular facts of each case); *In the Interest of J.M. and G.M.,* 585 S.W.2d 854, 856 (Tex.Civ.App.-San Antonio 1979, no writ) (recognizing same). We sustain Hargrave's second issue.

### CONCLUSION

For the reasons stated above, we sustain appellant's two issues on appeal. Accordingly, we reverse the trial court's order and remand for a hearing on the merits of Hargrave's motion to modify and for further proceedings.

SARAH B. DUNCAN, J., concurs in the judgment only.

**2.** Recently, the Texas Supreme Court obviated the harsh effect of Mother Hubbard clauses in the summary judgment context. *See Leh-* *mann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001).