



## MEMORANDUM OPINION

No. 04-09-00196-CV

Stella Longoria **BASQUEZ**, Andile Carrillo, Jr., Elvira Longoria Carrillo, Helen Ann Carrillo, Ray Carrillo, Rebecca Ann Carrillo, Rita Reyes Chavez, Dalia Guerrero Constancio, Starr Nicole Longoria Cruz, Darla Longoria Galvan, Rachel Jane Carrillo Galvan, Amy Marie Longoria Glaze, Audrey Longoria Guardiola, Tanya Longoria Guerrero, Adan Longoria, Adam Longoria, Jr., Alfred Longoria, Benito Longoria, Benito Longoria, Jr., Benito Longoria III, Bobby Longoria, Daemon Rene Longoria, David Longoria, III, Denese Rene Longoria, Dolores Denise Longoria Hernandez, Emily Maria Longoria Perez, Francisco Cruz Longoria, Jr., Francisco Longoria, III, Hector Longoria, Joe Frank Longoria, Juan Longoria, Louis Longoria, Natividad Longoria, Jr., Raquel Longoria, Natividad Longoria, III, Ray Longoria, Rene Longoria, Reymundo Longoria, Jr., Rickey Longoria, Robert Longoria, Rozann Longoria, Ruben Flores Longoria, Ryan Rendon Longoria, Santiago Longoria, Sara Denise Longoria, Sylvester Longoria, Yolanda Longoria, Rebecca Lynn Zavala Magana, Lupe Maria Longoria Martinez, Rhonda Reyes Martinez, Jennifer Ann Reyes Mendez, Dora Maria Longoria Mondrik, Diana Guerrero Olvera, Margaret Longoria Ortiz, Anita Picon Pacheco, Jeannette Marie Zavala Paniagua, Ernest Louis Reyes, Jr., Kayla Longoria Sanchez, Maria Emma Longoria Reyes, Rosie Longoria Ruddick, Emma Reyes Segura, Cindy Jane Reyes Torres, Felicia Anna Zavala Vega, Norma Linda Longoria Zavala, Crystal Longoria Zepeda,
Appellants

v.

**THE UNKNOWN HEIRS OF PEDRO LONGORIA**,
Appellees

From the County Court at Law, Starr County, Texas
Trial Court No. PR-08-007
Honorable Romero Molina, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed: March 3, 2010

REVERSED and REMANDED

Appellants ("plaintiffs" below) filed suit in Starr County, Texas, against the unknown heirs of Pedro Longoria ("defendants") seeking a declaration that plaintiffs are descendants of Pedro Longoria, a Spanish land grantee who died in 1772. The trial court granted the defendants' motion to dismiss based on their plea of res judicata. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Pedro Longoria was the sole grantee and owner of Spanish Land Grant Porcion 94, located in what is now Starr County. Longoria, along with many of his descendants, died intestate. Plaintiffs claim to be descendants of Pedro Longoria and owners of part of his estate, and their third amended petition sought (1) a declaration that they were his heirs and (2) a determination of each of their interests in his estate. Defendants, through an attorney ad litem appointed by the court to represent the unknown heirs, filed a motion to dismiss, special exceptions, and a plea of res judicata, claiming a court in Hidalgo County, Texas, partitioned Porcion 94 in a 1945 case styled *Esteban Garcia v. W. H. Braden, et al.* ("*Garcia* Judgment"). Therefore, according to defendants, plaintiffs' cause of action amounted to a collateral attack on a final judgment. Although defendants requested the trial court take judicial notice of the *Garcia* Judgment, defendants failed to attach a verified or certified copy of the *Garcia* Judgment to their pleadings or otherwise file the *Garcia* Judgment with the trial court. Regardless, in an order signed June 12, 2008, the trial court granted defendants' "special exceptions" and allowed the plaintiffs an opportunity to amend their pleadings. After

plaintiffs filed amended petitions and a motion to reconsider, the trial court ordered the case dismissed based solely on defendants' plea of res judicata. This appeal followed.[1]

**DISCUSSION**

In their second issue on appeal, plaintiffs argue the trial court erred in granting defendants' motion to dismiss because defendants did not establish their affirmative defense of res judicata. In order to prevail on the affirmative defense of res judicata, a movant must prove each of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). In order to prove these elements, the movant must produce verified or certified copies of the judgment and pleadings from the prior suit sufficient to establish the applicability of res judicata as a matter of law. *Brinkman v. Brinkman*, 966 S.W.2d 780, 781 (Tex. App.—San Antonio 1998, pet. denied); *Jones v. Nightingale*, 900 S.W.2d 87, 88-89 (Tex. App.—San Antonio 1995, writ ref'd).

Here, defendants did not establish any of the elements of their affirmative defense. Defendants did not, for instance, attach to their motion to dismiss verified or certified copies of the *Garcia* Judgment or any other judgment or pleading that establishes the elements of the affirmative defense as a matter of law. Simply asking the court to take judicial notice of a judgment or pleading from a different court is not sufficient to establish the affirmative defense of res judicata. *See WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 459 (Tex. App.—Houston [14th

---

[1] It is unclear whether plaintiffs claim to be the heirs of Pedro Longoria (that is, heirs along side the heirs presumably named in the *Garcia* Judgment) or the "heirs of the heirs of Pedro Longoria" as stated in their brief before this court.

Dist.] 2005, pet. denied) (court cannot take judicial notice of records of another court in another case unless party provides proof of those records). Thus, defendants failed to meet their burden of proof, and the trial court erred in granting their motion to dismiss based on res judicata.[2]

**CONCLUSION**

We reverse the trial court's order granting defendants' motion to dismiss, and we remand the cause to the trial court for further proceedings consistent with this opinion.[3]

Sandee Bryan Marion, Justice

---

[2] Because we conclude defendants did not establish the elements of their affirmative defense, we do not address plaintiffs' complaint that defendants improperly used a motion to dismiss rather than a motion for summary judgment. *See* TEX. R. APP. P. 47.1.

[3] Because the trial court granted the motion to dismiss on the single ground of res judicata, we do not address plaintiffs' compliant that the trial court erred in determining they did not present a justiciable controversy. *See id.*