**Reversed and Remanded and Memorandum Opinion filed September 19, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00614-CV

## IN THE INTEREST OF J.A.L., C.C.L., JR., C.N.L., AND M.R.L., CHILDREN

**On Appeal from 257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-36719**

## M E M O R A N D U M   O P I N I O N

Mother appeals the trial court's order granting Father's motion to dismiss her child support enforcement action. Father invoked res judicata, which precludes the relitigation of a claim that was raised or could have been raised in an earlier proceeding. Because the child support arrearages at issue meet neither condition, Mother's claims are not precluded by res judicata and we reverse the trial court's order granting Father's motion to dismiss.

BACKGROUND

The parties' final divorce decree was signed on October 31, 2008, and obligated Father to make monthly $5,000 child support payments to Mother.

Mother filed her first enforcement motion on April 9, 2013, and sought relief for Father's failure to maintain his child support obligations. The first enforcement motion listed Father's monthly child support obligations from November 1, 2008, through April 1, 2013; each of the 54 monthly listings included the amount paid by Father, the date on which the payment (if any) was made, and the total balance owed. In her first enforcement motion, Mother requested "confirmation of all arrearages and rendition of judgment plus interest . . . ." Mother's motion also asked that Father "be held in contempt, jailed, and fined for each failure to comply with the Court's order from the date of this filing to the date of the hearing on this motion." Following her request for contempt, Mother's motion included four additional monthly listings from May 1, 2013, through August 1, 2013, for which she anticipated that Father would not make his required child support payments.

The trial court held a hearing on Mother's first enforcement motion on March 3, 2014. In its March 2014 order, the trial court granted Mother's motion; held Father in contempt for failure to maintain his monthly child support obligations; and signed a judgment in Mother's favor for arrearages. This order listed 58 months for which Father failed to comply with his child support obligations and concluded that, "as of August 1, 2013, [Father] owed child support in the amount of $168,750.00 plus interest." The trial court also held Father in contempt for each of the 58 separate violations. The March 2014 order included a Mother Hubbard clause stating that "[a]ll relief requested and not expressly granted is denied."

The proceedings underlying this appeal arose from Mother's second enforcement motion filed on July 31, 2015. Mother's second motion sought relief for Father's failure to make child support payments from September 1, 2013, through March 1, 2014. Father filed a motion to dismiss asserting that Mother's July 2015 enforcement motion sought to

recover arrearages that were or should have been addressed in connection with the April 2013 enforcement proceeding. Father asserted that the April 2013 enforcement proceeding should have resolved all missed payments through the March 2014 hearing held in that proceeding; therefore, he contended that res judicata precluded litigation in the July 2015 enforcement action of arrearages that accrued between September 2013 and March 2014. The trial court granted Father's motion to dismiss.

## STANDARD OF REVIEW

As an affirmative defense, res judicata should be addressed in a motion for summary judgment or at trial rather than through a motion to dismiss. *See In re Sisk*, No. 14-13-00785-CV, 2014 WL 5492804, at *4 (Tex. App.—Houston [14th Dist.] Oct. 30, 2014, pet. denied) (mem. op.); *In re D.K.M.*, 242 S.W.3d 863, 865 (Tex. App.—Austin 2007, no pet.). On appeal, the parties agree that the trial court's order granting Father's motion to dismiss is properly construed as an order granting a motion for traditional summary judgment.

We review summary judgments *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Under Rule 166a(c), traditional summary judgment on an affirmative defense is proper when the moving party pleads and conclusively establishes each element of its asserted defense as a matter of law. Tex. R. Civ. P. 166a(c); *Sci. Spectrum, Inc. v Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Once the moving party establishes its right to a traditional summary judgment, the burden shifts to the nonmoving party to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *Navy v. Coll. of the Mainland*, 407 S.W.3d 893, 898 (Tex. App.—Houston [14th Dist.] 2013, no pet.). When reviewing a traditional summary judgment, we take as true all evidence favorable to the nonmoving party and indulge every reasonable inference in the nonmoving party's favor. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015).

## ANALYSIS

The trial court concluded that res judicata precludes Mother's second enforcement

motion insofar as Mother asserted claims for arrearages that accrued from September 2013 through March 2014. Mother challenges the trial court's conclusion on appeal and raises four arguments: (1) res judicata does not apply because these claims were not litigated and could not have been litigated in the first enforcement proceeding; (2) Father did not meet his summary judgment burden; (3) notice requirements applicable to enforcement proceedings foreclosed Mother's ability to recover in the first enforcement proceeding for the September 2013-March 2014 arrearages; and (4) recent decisions from the Supreme Court of Texas limit the use of affirmative defenses in enforcement proceedings. Because we agree with her first contention and conclude that res judicata does not bar Mother's enforcement of the September 2013-March 2014 arrearages, we will not address Mother's other arguments on appeal.

## I.      Res Judicata

The doctrine of res judicata, or claim preclusion, bars a second action by parties on matters that were "actually litigated in a previous suit, as well as claims 'which, through the exercise of diligence, could have been litigated in a prior suit.'"[1] *Hallco Tex., Inc. v. McMullen Cty.*, 221 S.W.3d 50, 58 (Tex. 2006) (quoting *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 799 (Tex. 1992)). As with other final judgments, res judicata applies to arrearage judgments. *Prior v. Prior*, No. 01-06-01185-CV, 2008 WL 5455691, at *3 (Tex. App.—Houston [1st Dist.] Dec. 31, 2008, no pet.) (mem. op.). To establish that res

---

[1] "Res judicata" has been used as a broad term to refer to the related concepts of claim preclusion and issue preclusion (collateral estoppel). *McShaffry v. LBM-Jones Rd., L.P.*, No. 01-10-01151-CV, 2011 WL 6306684, at *2 (Tex. App.—Houston [1st Dist.] Dec. 15, 2011, no pet.) (mem. op.). Res judicata as discussed in this opinion refers only to claim preclusion.

In his motion to dismiss and appellate briefing, Father asserts that both claim preclusion and issue preclusion foreclose the September 2013-March 2014 arrearages sought in Mother's second enforcement motion. However, the facts and arguments discussed in this case implicate only claim preclusion. To establish issue preclusion, Father would need to show that the child support arrearages raised in Mother's second enforcement motion were "actually litigated" and "essential to the judgment" rendered in the first enforcement action. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001). This showing cannot be made here because Mother's first enforcement motion and the relief granted based on that motion were based on missed payments through August 1, 2013. Accordingly, this opinion addresses only claim preclusion with respect to arrearages accruing between September 2013 and March 2014.

judicata precludes the litigation of a claim, the party asserting the defense must make the following showings.

1. There is a prior judgment on the merits by a court of competent jurisdiction;

2. the party currently asserting a claim was also a party to the prior action or was in privity with a party to the prior action; and

3. the current claims were raised, or could have been raised, in the prior action.

*Daniels v. Empty Eye, Inc.*, 368 S.W.3d 743, 754 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

The doctrine of res judicata is "substantially similar" to the compulsory counterclaim rule, which requires a defendant to bring as a counterclaim "any claim that 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.'" *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630-31 (Tex. 1992) (quoting Tex. R. Civ. P. 97(a)). Incorporating this transactional approach, res judicata bars the litigation of a claim if the claim bears a close factual and logical relationship to claims raised in an earlier proceeding. *Id*. In sum, "[a]ny cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id*. at 630.

Mother does not dispute that the first two elements of Father's res judicata defense are met: a final judgment was rendered in her first enforcement action by a court of competent jurisdiction and the parties in both actions are the same. Mother's arguments on appeal address the third element of Father's res judicata defense. Our analysis focuses on whether the September 2013-March 2014 arrearages were litigated or could have been litigated in the first enforcement proceeding.

## A. The September 2013-March 2014 Arrearages Were Not Litigated in Mother's First Enforcement Proceeding

Mother's first enforcement motion and the trial court's March 2014 order establish that the September 2013-March 2014 arrearages were not litigated in the first enforcement

proceeding.

Mother's first enforcement motion sought rendition of a money judgment for 54 listed violations that occurred between November 2008 and April 2013. The motion also requested that Father be held in contempt for each failure to comply with his child support obligations from the date of the motion's filing "to the date of the hearing on [the] motion," and listed four prospective violations. Mother's first enforcement motion states as follows:

> [Mother] believes, based on the repeated past violations of the Court's order by [Father], that [Father] will continue to fail to comply with the order. [Mother] requests that [Father] be held in contempt, jailed, and fined for each failure to comply with the Court's order from the date of this filing to the date of the hearing on this motion. Specifically, [Father] has been ordered to pay child support under the order sought to be enforced on each of the following future dates and in the following amounts:

| DATE DUE | AMOUNT DUE |
|----------|------------|
| 05/01/2013 | $5,000.00 |
| 06/01/2013 | $5,000.00 |
| 07/01/2013 | $5,000.00 |
| 08/01/2013 | $5,000.00 |

> [Mother] requests that [Father] be confined in the county jail until [Father] complies with the order of the Court.

In its March 2014 order on Mother's first enforcement motion, the trial court found that, "as of August 1, 2013," Father owed $168,750 in arrearages plus interest and granted Mother a cumulative judgment against Father for that amount. As this recitation makes clear, the first enforcement proceeding addressed only those arrearages that accrued through August 1, 2013.

Father asserts that the motion's request for contempt based on prospective violations shows that the September 2013-March 2014 arrearages were litigated in the first enforcement proceeding. We reject this contention for three reasons.

6

First, the motion's reference to Father's prospective violations is limited by the subsequent sentence, which lists four future violations from May 2013 through August 2013. Second, this reference to prospective violations was included in the motion's request for contempt; contempt and a money judgment are separate remedies. *See In re V.M.P.*, 185 S.W.3d 531, 533 n.4 (Tex. App.—Texarkana 2006, no pet.); *Fowler v. Stone*, 600 S.W.2d 351, 353 (Tex. App.—Houston [14th Dist.] 1980, no writ). Third, insofar as the trial court awarded a judgment for arrearages in its March 2014 order, the money judgment it grants is for arrearages that accrued through August 1, 2013. The motion's reference to prospective violations does not support the conclusion that the September 2013-March 2014 arrearages were litigated in the first enforcement proceeding.

Father also asserts that the March 2014 order's inclusion of a Mother Hubbard clause establishes that the September 2013-March 2014 arrearages were litigated in Mother's first enforcement proceeding.[2] We reject this contention because the Supreme Court of Texas has advised courts to exercise caution when attaching significance to Mother Hubbard clauses that "are open to interpretation." *Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (per curiam).[3] Similarly, Texas courts have refused to hold that a Mother Hubbard clause indicates the disposal of all claims or issues in a case when the order is otherwise silent as to those matters. *See Hargrave v. Lefever*, 82 S.W.3d 524, 528 (Tex. App.—San Antonio 2002, no pet.) (order's inclusion of a Mother Hubbard clause did not indicate that court disposed of party's motion to modify where "the record and the order [were] silent regarding the trial court's intention" on the motion); *Elgohary v. Warncke*, No. 01-99-01425-CV, 2001 WL 522429, at *1 (Tex. App.—Houston [1st Dist.] May 17, 2001, no pet.) (not designated for publication) ("The addition of a

---

[2] The trial court's March 2014 order states that "[a]ll relief requested and not expressly granted is denied."

[3] Continuing on this point, the Supreme Court of Texas noted that "[s]ometimes a Mother Hubbard clause means only that the relief requested *in the motion*—not all the relief requested by anyone in the case—and not granted by the order is denied, and sometimes it may also have no intended meaning at all, having been inserted for no other reason than that it appears in a form book or resides on a word processor." *Rogers*, 455 S.W.3d at 163 (internal quotation omitted) (emphasis in original).

7

'Mother Hubbard' clause at the end of an order does not change the meaning of the order.").

The trial court's March 2014 order specifically states that its arrearage findings are made "as of August 1, 2013." This finding corresponds to Mother's first enforcement motion, which listed Father's monthly arrearages through August 2013. Therefore, the March 2014 order's inclusion of a Mother Hubbard clause does not operate to vary the order's specific conclusions or provide a foundation to invoke res judicata with respect to arrearages accruing between September 2013 and March 2014. *See Hargrave*, 82 S.W.3d at 528; *Elgohary*, 2001 WL 522429, at \*1.

**B.      The September 2013-March 2014 Arrearages Were Not Mature When Mother's First Enforcement Proceeding Was Filed**

In addition to precluding the relitigation of claims actually addressed in an earlier proceeding, res judicata also forecloses claims that could have been raised in a prior proceeding. *Daniels*, 368 S.W.3d at 754.

Father asserts that res judicata forecloses recovery of the September 2013-March 2014 arrearages because they accrued before the hearing on Mother's first enforcement action, which was held on March 3, 2014. We conclude that res judicata does not foreclose these claims because the September 2013-March 2014 arrearages were not mature when the first enforcement proceeding was filed in April 2013. In so doing, we reject Father's contention that the operative date for res judicata purposes in these circumstances is the March 2014 hearing date rather than the April 2013 filing date of Mother's first enforcement motion.

Res judicata precludes the litigation of related claims that were mature at the time an earlier lawsuit was filed. *See JPMorgan Chase Bank, N.A. v. Prof'l Pharmacy II*, 508 S.W.3d 391, 415 (Tex. App.—Fort Worth 2014, no pet.) ("For res judicata to apply to a claim, that claim must have been in existence when the first suit was filed."); *In re D.W.G.*, 391 S.W.3d 154, 167 (Tex. App.—San Antonio 2012, no pet.) ("For res judicata to apply, a claim must be in existence at the time the suit is filed."); *In re M.K.R.*, 216 S.W.3d 58, 63 (Tex. App.—Fort Worth 2007, no pet.) (court held that, in first enforcement proceeding,

claimant could have sought to recover for those payments missed up to the time of the first proceeding's filing); *Ray Ferguson Interests, Inc. v. Harris Cty. Sports & Convention Corp.*, 169 S.W.3d 18, 26 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (res judicata will bar a claim that was "mature and owned by the defendant at the time of filing" in earlier proceeding); *Hernandez v. Del Ray Chem. Int'l, Inc.*, 56 S.W.3d 112, 116 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("For res judicata to apply, a claim must be in existence at the time suit is filed, and cannot merely be of [a] prospective anticipated claim."); *Tex. Emp'rs' Ins. Ass'n v. Tobias*, 669 S.W.2d 742, 744 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.) (to be precluded by res judicata "[a] claim must be in existence at the time suit is filed, and cannot be merely prospective").

Conversely, res judicata does not bar a claim that was not mature at the time the earlier proceeding was filed. *See Pagosa Oil & Gas, L.L.C. v. Marrs & Smith P'ship*, 323 S.W.3d 203, 216-17 (Tex. App.—El Paso 2010, pet. denied) (Because "[t]he prior lawsuit was filed prior to the breach of contract cause of action becoming mature," res judicata did not bar the plaintiffs' claim.); *see also Pyles v. Young*, No. 05-08-00663-CV, 2009 WL 1875581, at *4-5 (Tex. App.—Dallas July 1, 2009, no pet.) (mem. op.) (to avoid summary judgment on the defendant's res judicata defense, the burden was on the plaintiff to present evidence showing that he discovered or should have discovered the alleged fraud "only after he filed his answer in the first suit").

This standard is identical to that employed for compulsory counterclaims; a counterclaim is compulsory if it is mature at the time the pleading is filed. *See* Tex. R. Civ. P. 97(a) ("A pleading shall state as a counterclaim any claim . . . which at the time of filing the pleading the pleader has against any opposing party . . . ."); *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 292-93 (Tex. 2016) (orig. proceeding); *Moore v. First Fin. Resolution Enters., Inc.*, 277 S.W.3d 510, 514 (Tex. App.—Dallas 2009, no pet.) (a claim is compulsory if it "is mature and owned by the defendant at the time of filing [its] answer").

A claim is mature for res judicata purposes when it has accrued. *Ingersoll-Rand*

9

*Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 208 (Tex. 1999). In an enforcement action, a claim accrues when a child support payment is not timely made. Tex. Fam. Code Ann. § 157.261(a) (Vernon 2014); *In re J.I.M.*, 281 S.W.3d 504, 509 (Tex. App.—El Paso 2008, pet. denied).

Mother filed her first enforcement motion on April 9, 2013. The September 2013-March 2014 arrearages were not due as of this date; accordingly, claims for the enforcement of these payments were not mature for res judicata purposes as of April 2013. Because the September 2013-March 2014 arrearages were not mature for res judicata purposes at the time Mother filed her first enforcement motion in April 2013, res judicata does not bar Mother's assertion of these claims in this action.

Father ties his res judicata contention to the March 2014 hearing date rather than the April 2013 filing date. We believe the filing date is the operative one for these purposes because holding otherwise would frustrate the statutory scheme governing enforcement actions. *See* Tex. Fam. Code Ann. § 157.002(e) (Vernon 2014).

Section 157.002(e) provides that, in an enforcement motion, the movant "may allege repeated past violations of the order and that future violations of a similar nature may occur before the date of the hearing." *Id*. This provision gives the movant an *option* to address future violations occurring after the filing date and before the hearing — but does not require that the movant do so. This permissive treatment of future violations would be rendered null if res judicata encompassed not only mature claims in existence as of the date of filing, but also arrearage claims arising after filing and before the hearing without regard to whether the movant actually asserted them. If we were to adopt Father's contention, then a movant would be required to assert all arrearages that accrued through the date of hearing or forfeit the ability to recover for them. Such an application of res judicata would eliminate section 157.002(e)'s optional approach to future violations. We decline to endorse an extension of res judicata that would render this portion of section 157.002 meaningless. *See Taylor Elec. Servs., Inc. v. Armstrong Elec. Supply Co.*, 167 S.W.3d 522, 530 (Tex. App.—Fort Worth 2005, no pet.). To be sure, a movant who exercises the option

to pursue future anticipated arrearages arising between the time of the filing and hearing should recover them only once. Mother's pursuit in her second motion of arrearages accruing between September 2013 and March 2014 does not violate this precept because her first motion sought and obtained arrearages only through August 2013.

For this reason, Father misplaces his reliance on *In re M.K.R.*, 216 S.W.3d at 61. In that case, the parties participated in two child support disputes. *Id*. at 61. The mother sought to recover for child support arrearages that accrued from January 1991 through October 1993 in the first proceeding. *Id*. In the second proceeding, the mother sought to recover for arrearages that accrued from September 1984 through June 1994. *Id*. The court stated that the Family Code does not permit "multiple enforcement actions and repeated litigation covering the same time period of missed payments." *Id*. at 65-66.

Unlike the movant in *In re M.K.R.*, Mother's two enforcement actions did not seek a duplicative recovery for the same time period of arrearages. Mother's first enforcement action sought relief for arrearages that accrued from November 2008 through August 2013; her second enforcement motion sought to recover for the September 2013-March 2014 arrearages at issue here.

For all of these reasons, we conclude that res judicata does not foreclose Mother's ability to recover for the September 2013-March 2014 arrearages in the second enforcement action.

## CONCLUSION

We reverse the trial court's March 2, 2016 order granting Father's motion to dismiss and remand this case for further proceedings consistent with this opinion.


/s/     William J. Boyce
        Justice


Panel consists of Justices Boyce, Jamison, and Brown.

11